**J.R. CORNELIUS, Sr., Appellant,**

v.

**Bob ARMSTRONG, Commissioner of the General Land Office of the State of Texas, et al., Appellees.**

**No. 12–84–0075–CV.**

Court of Appeals of Texas, Tyler.

May 16, 1985.

Rehearing Denied Aug. 8, 1985.

---

J.R. Cornelius, Jefferson, James R. Cornelius, Jr., Zeleskey, Cornelius, Rogers, Hallmark & Hicks, Lufkin, for appellant.

Larry W. Green, Greenville, Jose M. Rangel, Asst. Atty. Gen., Austin, for appellees.

COLLEY, Justice.

This is a trespass to try title suit brought by J.R. Cornelius, Sr. (Plaintiff) against the State of Texas, Bob Armstrong in his official capacity as Commissioner of the General Land Office, O.W. Breland and wife, Marjorie (Breland), Howard Miller, and E.J. Nesbitt and wife, Mildred (Nesbitt), defendants, to recover title and possession of a 128.77-acre tract in Marion County alleged by Plaintiff to be a part of the David Lane Survey, State Abstract No. 42. Armstrong and the State will be referred to in this opinion as State. The State's answer includes a plea in abatement, asserting that Plaintiff's failure to allege jurisdictional facts, viz., that the State consented to be

sued required the trial court to dismiss the suit against the State, and a plea of "not guilty," as well as language setting up defenses under the two- and four-year statutes of limitations and the defense of latches. Miller, Breland and Nesbitt pleaded "not guilty" and alleged defenses under various statutes of limitations.

On August 13, 1982, the trial court granted a partial summary judgment in favor of Plaintiff against State for title and possession of the lands involved. On July 20, 1983, the trial court rendered a take-nothing judgment against Plaintiff as to Miller, Breland and Nesbitt based on a jury verdict in favor of such defendants on certain limitation issues. On September 26, 1983, the trial court signed an amended judgment identical in its terms to the judgment of July 20, 1983, as to Miller, Breland and Nesbitt. We reverse the judgment against the State and dismiss Plaintiff's suit against State. We affirm the take-nothing judgment against Plaintiff as to Miller, Breland and Nesbitt.

State in its first point of error alleges that the court erred in failing to dismiss the suit as to it "because Cornelius neither pleaded nor proved his authority to sue the State of Texas." The State's argument under such point, and the authorities cited therein, are limited to the contention that Plaintiff's failure to allege that the State consented to the bringing of this suit against it by legislative action, required the trial court to sustain the plea in abatement, and to dismiss Plaintiff's suit against the State. Plaintiff does not reply to this argument, but contends that the State consented to the suit against it by general acts [1] of the legislature.

■ Plaintiff's pleadings do not contain any allegations of legislative action authorizing the bringing of this suit against the State, and contain no factual allegations bringing the cause of action asserted by him against the State within the ambit of

---

1. Former Article 5421c(6)j, repealed, see TEX. NAT.RES.CODE ANN. Section 51.205 (Vernon 1978).

Section 51.205.[2] From our review of the evidence adduced at trial, we are able to determine that former Commissioner of the General Land Office, W.H. McDonald, in December 1938 approved field notes of a survey made for O.P. Deaner, and thereby determined that a vacancy existed between the "upper" David Lane Survey in Marion County and Big Cypress Bayou, and that the 128.77-acre tract claimed by the Plaintiff in this suit was included in the 797-acre survey made for Deaner. While our review of the evidence clearly demonstrates that the State, acting through Commissioner McDonald, determined in December 1938 that the lands in question, claimed by Plaintiff, had not been previously titled by the State by a patent issued to David Lane dated July 10, 1872, Plaintiff's pleadings failed to allege such requisite jurisdictional facts *and* the legislative authority authorizing this suit against the State. The trial court should have sustained the State's plea in abatement and dismissed Plaintiff's suit against the State. *Walsh v. University of Texas,* 169 S.W.2d 993, 994 (Tex.Civ. App.—El Paso 1942, writ ref'd); *see also Brown v. Peters,* 127 Tex. 300, 94 S.W.2d 129, 130 (Tex.Comm'n App.1936, opinion adopted). State's first point is sustained. We do not reach the State's points 2 and 3.

 The other phase of the case before us is the appeal by Plaintiff from the take-nothing judgment rendered in favor of Miller, Breland and Nesbitt which was based on the findings of the jury in response to six special issues submitted. In Special Issue No. 1 the jury found that Miller "held peaceable and adverse possession of the 128-acre tract in controversy, cultivating, using or enjoying the same for [a period] of ten consecutive years prior to October 28, 1963...." Plaintiff presents six points of error attacking the jury's finding in Special Issue No. 1 (Plaintiff's points 10 through 15 inclusive). In summary,

Plaintiff alleges by such points that the evidence is legally and factually insufficient to support the findings. Similar contentions are made by the Plaintiff respecting jury findings made in favor of Nesbitt and Breland under the five-year statute of limitations. We need not address these points, however, because the take-nothing judgment against Plaintiff in favor of Miller, Breland and Nesbitt must be upheld on entirely different grounds. It is axiomatic that to recover in a trespass to try title suit, a plaintiff must recover on the strength of his own title. A plaintiff may prevail in such a suit if he: (1) proves a regular chain of conveyances from the sovereign, or (2) proves a superior title out of a common source of title, or (3) proves title under an appropriate limitation statute or (4) proves prior possession[3] which has not been abandoned. *Land v. Turner,* 377 S.W.2d 181 (Tex.1964); *Plumb v. Stuessy,* 617 S.W.2d 667, 668 (Tex.1981), reaffirms the above rules set forth in *Land v. Turner* in trespass to try title suits. It is undisputed in this case that in December 1938, former Land Commissioner, W.H. McDonald, determined[4] that the 128.77 acres claimed by Plaintiff were vacant lands, not previously titled by the State under the David Lane patent. Plaintiff alleged and attempted to prove that he had deraigned title to the lands in question through a regular chain of conveyances emanating from the State of Texas. Plaintiff did not prove title by limitation, by prior possession, or by proof of a superior title out of a common source. Plaintiff fails in this suit to prove that the State had parted with its title to the lands in controversy. Such failure is fatal to his right of recovery herein. *Land v. Turner, supra.* Furthermore, treating the evidence as establishing prior possession of the lands by Plaintiff's predecessors in title, Plaintiff still may not recover because the evidence tends to show

---

2. All reference to sections are to the TEX.NAT. RES.CODE ANN. (Vernon 1978) unless otherwise noted.

3. Subject to many ramifications not material here.

4. Under former Article 5421c, Acts 1931 42nd Leg. ch. 271, 1931 Tex.Gen.Laws 452, 453–456.

that the State has not parted with its title to such lands. *Lorino v. Crawford Packing Co.*, 142 Tex. 51, 175 S.W.2d 410, 413 (1943). Plaintiff's points of error are therefore overruled.

The partial summary judgment rendered by the trial court on August 13, 1982, in favor of the Plaintiff, J.R. Cornelius, Sr., against the State of Texas (Bob Armstrong in his official capacity as Commissioner of the General Land Office) for title and possession of the 128.77 acres which became final[5] on September 26, 1983, is reversed, and Plaintiff's suit against the State is dismissed. The take-nothing judgment rendered in favor of Howard Miller, O.W. Breland and wife, Marjorie Breland, E.J. Nesbitt and wife, Mildred Nesbitt, is affirmed. All costs are adjudged against the Plaintiff, J.R. Cornelius, Sr.

---

**5.** *See Runnymede v. Metroplex Plaza, Inc.,* 543 S.W.2d 4, 5 (Tex.Civ.App.—Dallas 1976, writ ref'd).