**Nathan E. BELL and Robert Williams, Jr., Appellants,**

v.

**STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellee.**

**No. 01–96–00060–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 24, 1997.

---

Richard P. Bell, Galveston, for Appellants.

Rodney D. Parrott, Austin, for Appellee.

Before ANDELL, NUCHIA and COHEN, JJ.

**OPINION**

COHEN, Justice.

This case arises from a dispute over title to land between appellants (Bell) and appellee (the State). Bell sought a declaratory judgment that he owned the property. The trial judge dismissed the cause for want of jurisdiction because Bell did not have legislative consent to sue the State. We reform the judgment, and as so reformed, affirm.

Bell alleged the State built a highway on his property. The trial judge previously granted a summary judgment for the State on the merits, but we reversed and remanded. *Bell v. State Dep't of Highways & Public Transp.*, 902 S.W.2d 197 (Tex.App.—Houston [1st Dist.] 1995, no writ).

On remand, the trial judge sustained two special exceptions. He ruled that Bell could not use a declaratory judgment action as a vehicle to sue for title to land because a trespass to try title suit is the exclusive method to determine title to land. The trial judge sustained another special exception, holding that, although styled a declaratory judgment action, Bell's suit was "in effect" a trespass to try title suit. Because legislative consent was required to sue the State for trespass to try title, and Bell had no such consent, the judge dismissed the suit with prejudice due to lack of jurisdiction.

In point of error one, Bell contends that a Declaratory Judgment Act suit is proper to establish title here because the State claims its title under the adverse possession statutes. Bell contends that this suit consequently falls under section 37.004, which allows a person affected by a statute to bring a declaratory judgment action. Bell contends he is affected by a statute, the adverse pos-

session statute, and may therefore sue under the Act. We disagree.

■ No matter how Bell's suit is styled, it is, as the trial court found, "in effect" a trespass to try title suit. Section 22.001(a) of the Texas Property Code provides, "A trespass to try title action is the method of determining title to land, tenements or other real property." Texas courts have repeatedly held that a trespass to try title action is the proper method of adjudicating rival claims to title of real property. *Rogers v. Ricane Enters.*, 884 S.W.2d 763, 768 (Tex. 1994); *Yoast v. Yoast*, 649 S.W.2d 289, 292 (Tex.1983); *Johnson v. Bryan*, 62 Tex. 623 (1884). In *Jordan v. Exxon Corp.*, 802 S.W.2d 880, 883 (Tex.App.—Texarkana 1991, no writ), the court declared:

> Any suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form and regardless of whether legal or equitable relief is sought.

■ The Declaratory Judgement Act, section 37.004(a), provides a procedural method for deciding the validity or proper construction of a statute. However, Bell makes no claim that the adverse possession statutes are ambiguous or invalid. He claims only that the State is not entitled to ownership under them. The Declaratory Judgment Act does not supplant a suit for trespass to try title under these circumstances. Moreover, the State claims ownership under a lost deed; thus, there is no deed whose validity must be determined or terms construed. "While the Act specifically provides a procedural method for the construction of the validity of deeds, the substance of rights of the parties in a dispute regarding ownership of property are governed by trespass to try title actions rather than declaratory judgment actions." *Kennesaw Life & Accident Ins. Co. v. Goss*, 694 S.W.2d 115, 119 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

■ We hold that the trial court was correct in determining that Bell's suit was, "in effect," a trespass to try title action, although styled a declaratory judgment action. It is the substance, not the form, of pleadings that controls the determination of a lawsuit. *See*

TEX. R. CIV. P. 71 (misnomer of pleadings); *Hodge v. Smith*, 856 S.W.2d 212, 214 n. 1 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Thus, the first special exception was correctly sustained.

Point of error one is overruled.

■ In point of error two, Bell contends the judge erred in dismissing for lack of legislative consent. Bell claims he needed no legislative consent because his suit was for declaratory judgment. We have ruled above that the suit was, in effect, one for trespass to try title.

Here, both parties agree that a suit for land title against the State of Texas or its agency cannot be brought without legislative consent. *State v. Lain*, 162 Tex. 549, 349 S.W.2d 579, 582 (1961). The only defendants Bell has sued are sovereigns, the State of Texas and the State Department of Highways and Public Transportation. Both are entitled to sovereign immunity. *Id.* Therefore, the judge correctly ruled that lack of legislative consent deprived the trial court of jurisdiction.

This is not a case like *State v. Lain*, in which the plaintiffs sued not only the State of Texas and the State Highway Commission, both sovereigns, but also the individual members of the State Highway Commission in their official capacities. *Lain*, 349 S.W.2d at 580. Bell has not sued any individuals in their official capacities.

In *Lain*, the supreme court held that the State of Texas and the Highway Commission were properly dismissed for lack of jurisdiction. *Id.* at 582. However, it also held as follows:

> One who takes possession of another's land without legal right is no less a trespasser because he is a state official or employee, and the owner should not be required to obtain legislative consent to institute a suit to oust him simply because he asserts a good faith but overzealous claim that title or right of possession is in the State and that he is acting for and on behalf of the State.

*Id.* at 581.

The *Lain* court expressly disapproved *Walsh v. University of Texas*, 169 S.W.2d

993 (Tex.Civ.App.—El Paso 1942, writ ref'd), and held instead that individual state officials and agency employees could be sued for title to land in their official capacities without legislative consent. 349 S.W.2d at 581–82.[1] Because Bell has not done so, the trial judge correctly sustained the second special exception. *See also Imperial Sugar Co. v. Cabell,* 179 S.W. 83 (Tex.Civ.App.—Galveston 1915, no writ).

Point of error two is overruled.

In point of error three, Bell contends the judge erroneously dismissed the suit with prejudice. We agree. *See Stephanou v. Texas Med. Liab. Ins. Underwriting Ass'n,* 792 S.W.2d 498, 500 (Tex.App.—Houston [1st Dist.] 1990, writ denied). Because a dismissal for lack of jurisdiction is not a decision on the merits, it cannot be done with prejudice and cannot bar Bell from attempting to overcome the barriers that deprived the court of jurisdiction. *Id.*

Point of error three is sustained.

The judgment is reformed to remove the words "with prejudice" and to substitute the words "without prejudice." As so reformed, the judgment is affirmed.

---

1. In *Cornelius v. Armstrong*, 695 S.W.2d 48 (Tex. App.—Tyler 1985, writ ref'd n.r.e.), plaintiffs sued for land title the State of Texas, a sovereign, and also Bob Armstrong, the Commissioner of the General Land Office, in his official capacity. *Id.* at 49. The Tyler Court held that the suit was properly dismissed for lack of jurisdiction against the State and Armstrong, due to lack of legislative consent. The court relied exclusively on *Walsh v. University of Texas,* even though it had been disapproved in *Lain.* 349 S.W.2d at 582. To the extent that *Cornelius* requires legislative consent to sue state officials and employees in their official capacities for title to land, we question whether, in light of *Lain,* it is good law.