HARRIS COUNTY, Texas and Carl Borchers, Petitioners,

v.

Faye SYKES, Individually and a/n/f of Trenard Battle, Respondents.

No. 02–1014.

Supreme Court of Texas.

Argued Nov. 12, 2003.

Decided May 28, 2004.

Kevin D. Jewell, Chamberlain Hrdlicka White Williams & Martin, Casey Todd Wallace and Michael A Stafford, Harris County Atty., Michael R. Hull, Harris County Attorney's Office, Houston, for Petitioner.

Okon J. Usoro, Okon J. Usoro, P.C., Houston, for Respondent.

Chief Justice PHILLIPS delivered the opinion of the Court, in which Justice HECHT, Justice OWEN, Justice JEFFERSON, Justice SMITH, and Justice WAINWRIGHT joined.

This case raises two issues. First, we address whether an order granting a gov-

ernmental unit's plea to the jurisdiction should be with or without prejudice when the claimant has failed to state a claim that is cognizable under the Texas Tort Claims Act. Regardless of the answer, we must then decide whether such a dismissal is a judgment for the purposes of section 101.106 of the Texas Tort Claims Act, that would bar a plaintiff from proceeding against governmental agents for claims arising from the same subject matter. *See* Tex. Civ. Prac. & Rem.Code § 101.106. The court of appeals held that a dismissal pursuant to a plea to the jurisdiction is a dismissal without prejudice, and as such, not a judgment under the Texas Tort Claims Act. 89 S.W.3d 661, 670. We hold that such a dismissal is with prejudice because it fully and finally adjudicates whether the claims that were asserted, or that could have been asserted, come within the Texas Tort Claims Act's waiver of sovereign immunity. We further hold that such a dismissal is a judgment under section 101.106 of the Texas Tort Claims Act. Accordingly, we modify the judgment of the court of appeals to render judgment dismissing the plaintiff's claims with prejudice and render judgment that the plaintiff take nothing.

## I

George Sykes and his wife, Faye, brought this suit for injuries Mr. Sykes allegedly sustained in the Harris County jail. While incarcerated there, Mr. Sykes was assigned to a bed next to an inmate who was infected with tuberculosis. The Sykeses claimed that the county was negligent in failing to quarantine the infected inmate and in failing to warn Mr. Sykes of the inmate's infection. Several months after filing suit, Faye Sykes filed a suggestion informing the trial court of her husband's death. At the same time, she filed a motion, on which the trial court apparently never ruled, requesting that Trenard

Battle, Mr. Sykes's minor son, be added as a plaintiff and that the estate of George Sykes be substituted in the place of her late husband.

Asserting governmental immunity from suit, Harris County filed a plea to the jurisdiction arguing that the Legislature has not waived immunity from suits like the Sykes's. Sykes responded that immunity was waived by the Texas Tort Claims Act because her husband's injuries arose out of the condition or use of property. Tex. Civ. Prac. & Rem.Code § 101.021. Specifically, Sykes argued that the words "housed," "room," and "sleeping space" in their pleadings all connote use of the tangible personal or real property that caused Mr. Sykes's injury and eventual death.

By amended petition, Sykes added Carl Borchers, the major of the Harris County jail, as a defendant both individually and in his official capacity. The trial court subsequently granted Harris County's plea to the jurisdiction and dismissed Sykes's claims against Harris County with prejudice. Borchers then moved for summary judgment, urging that the trial court's dismissal of Harris County entitled him to derivative immunity under section 101.106 of the Texas Tort Claims Act. *See id.* § 101.106; *Thomas v. Oldham,* 895 S.W.2d 352, 357 (Tex.1995). The trial court granted Borchers's motion and signed an order that Sykes take nothing.

Sykes appealed, arguing that the trial court erred in granting the plea to the jurisdiction and dismissing her claims against Harris County because the Texas Tort Claims Act waives immunity when a condition or use of tangible personal property causes injury. *See* Tex. Civ. Prac. & Rem.Code § 101.021. Sykes also argued that the trial court further erred in granting Borchers's motion for summary judg-

ment because Harris County's dismissal was not a judgment for purposes of section 101.106. *See id.* § 101.106. The court of appeals affirmed the trial court's dismissal of Harris County, holding that Sykes's amended petition did not affirmatively plead facts sufficient to confer jurisdiction on the trial court. 89 S.W.3d at 667. But the court decided that, in granting the plea to the jurisdiction, the trial court could only dismiss the suit without prejudice, which did not qualify as a judgment under section 101.106 of the Texas Tort Claims Act. 89 S.W.3d at 668. Accordingly, the court of appeals reversed Carl Borchers's summary judgment and remanded the case to the trial court. We granted Carl Borchers and Harris County's petition for review.

## II

◼ Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the state expressly consents to suit. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts. *See Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.2003) (recognizing that sovereign immunity and governmental immunity are distinct concepts although courts often use the terms interchangeably). The Texas Tort Claims Act pro-

vides a limited waiver of governmental immunity if certain conditions are met. *See* Tex. Civ. Prac. & Rem.Code §§ 101.021, 101.025.[1]

◼ A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Because governmental immunity from suit defeats a trial court's jurisdiction, it may be raised by such a plea. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex.2004); *Jones,* 8 S.W.3d at 639. Whether a court has subject matter jurisdiction is a legal question. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002); *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). If the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought. *See* Tex. Civ. Prac. & Rem.Code § 51.014; *San Antonio State Hosp. v. Cowan,* 128 S.W.3d 244, 245 n. 3 (Tex.2004). However, if the court grants the plea to the jurisdiction, as the trial court did in this case, the plaintiff may take an appeal once that judgment becomes final. *See Cash Am. Int'l Inc. v. Bennett,* 35 S.W.3d 12, 15 (Tex.2000).

---

1. The Texas Tort Claims Act states:
   A governmental unit in the state is liable for:
   (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
   (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

   (B) the employee would be personally liable to the claimant according to Texas law; and
   (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.
   *Id.* § 101.021.

A trial court must grant a plea to the jurisdiction, after providing an appropriate opportunity to amend, when the pleadings do not state a cause of action upon which the trial court has jurisdiction. *See Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 331 S.W.2d 910, 917 (1960) (citing *Lone Star Fin. Corp. v. Davis*, 77 S.W.2d 711, 715 (Tex.App.-Eastland 1934, no writ)). This was such a case. After Harris County filed its plea to the jurisdiction, Sykes amended her petition to state with greater particularity the theory that Harris County waived governmental immunity by placing Mr. Sykes in the same room with, and assigning him a bed near, an inmate infected with tuberculosis. The trial court dismissed Sykes's claims, and the court of appeals agreed that "any effect that the room's walls and Sykes's bed had on Sykes's alleged exposure to tuberculosis is too attenuated to constitute a waiver of immunity under the [Texas Tort Claims Act]." 89 S.W.3d at 667 (citing *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998)).[2]

The court of appeals disagreed with the trial court, however, on whether such a dismissal should be with or without prejudice. In general, a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect. *See Dahl v. State*, 92 S.W.3d 856, 862 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex.App.-Corpus Christi 2001, pet. denied); *Bell v. State Dep't of Highways & Pub. Transp.*, 945 S.W.2d 292, 295 (Tex. App.-Houston [14th Dist.] 1997, writ denied). The court of appeals in this case relied on *Bell* to hold that Sykes's claims should have been dismissed without prejudice. In so doing, the court ruled contrary to a line of decisions stating that dismissal with prejudice is appropriate when a trial court lacks subject matter jurisdiction because of the sovereign immunity bar. *See Martin v. Tex. Bd. of Criminal Justice*, 60 S.W.3d 226, 231 (Tex.App.-Corpus Christi 2001, no pet.); *City of Midland v. Sullivan*, 33 S.W.3d 1, 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.); *City of Cleburne v. Trussell*, 10 S.W.3d 407, 409 (Tex.App.-Waco 2000, no pet.); *Univ. of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 771 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.); *Hampton v. Univ. of Tex.-M.D. Anderson Cancer Ctr.*, 6 S.W.3d 627, 629 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *Lamar Univ. v. Doe*, 971 S.W.2d 191, 197 (Tex.App.-Beaumont 1998, no pet.); *Jones v. City of Stephenville*, 896 S.W.2d 574, 577 (Tex.App.-Eastland 1995, no writ); *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 740 (Tex.App.-Austin 1994, writ denied). We granted Borchers and Harris County's petition to resolve this conflict.

If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action. Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined. Before dismissing this case, the trial court allowed Sykes to file an amended petition, after which the court made a final adjudication that the Legislature has not waived governmental immunity under the Texas Tort Claims Act with respect to any claim that Sykes brought against Harris County. Therefore, Sykes is foreclosed from relitigating whether the Texas Tort Claims Act

---

**2.** Sykes did not petition this Court for review of the court of appeals' judgment.

waives immunity in this case. Accordingly, the court below erred in reversing the dismissal with prejudice, and we modify the court of appeals' judgment to dismiss Sykes's claims against Harris County with prejudice.

## III

■ Next, we address the court of appeals' holding reversing the summary judgment granted by the trial court in favor of Carl Borchers. The Texas Tort Claims Act states: "A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." Tex. Civ. Prac. & Rem.Code § 101.106.[3] The purpose of section 101.106 is to protect employees of a governmental unit from liability when a judgment or settlement has been obtained from the government employer pursuant to a claim under Chapter 101 of the Texas Tort Claims Act. *Thomas v. Oldham,* 895 S.W.2d 352, 357 (Tex.1995). Section 101.106 applies not only when there has been a judgment against a governmental entity prior to the suit against the employee, but also when the settlement or judgment against the governmental entity occurs at any time before or during the pendency of the action against the employee. *Id.* at 355. The bar applies regardless of whether the judgment is favorable or adverse to the governmental unit. *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 343 (Tex.1998).

■ This Court has never addressed whether a dismissal on a plea to the jurisdiction is a judgment for purposes of section 101.106 of the Texas Tort Claims Act.

Several courts of appeals, however, have considered this issue. In *Brown v. Prairie View A & M Univ.,* the Fourteenth Court of Appeals held that dismissing Prairie View A & M pursuant to a plea to the jurisdiction was not a judgment that triggered the bar of the Texas Tort Claims Act. 630 S.W.2d 405, 408 (Tex.App.-Houston [14th Dist.] 1982, writ ref'd n.r.e.). Since *Brown,* however, that court, as well as two other courts of appeals, have held that a dismissal pursuant to a plea to the jurisdiction is a judgment for purposes of section 101.106 of the Texas Tort Claims Act. *Liu v. City of San Antonio,* 88 S.W.3d 737, 744 (Tex.App.-San Antonio 2002, pet. denied); *Dalehite v. Nauta,* 79 S.W.3d 243, 244 (Tex.App.-Houston [14th Dist.] 2002, pet. denied); *Doyal v. Johnson County,* 79 S.W.3d 139, 140 (Tex.App.-Waco 2002, no pet.); *Lowry v. Pearce,* 72 S.W.3d 752, 755 (Tex.App.-Waco 2002, pet. denied).

Sykes argues that a granted plea to the jurisdiction does not qualify as a judgment because it does not dispose of the claims' merits. As we have already held, however, a dismissal constitutes a final determination on the merits of the matter actually decided. *See Ritchey v. Vasquez,* 986 S.W.2d 611, 612 (Tex.1999) (per curiam); *Mossler v. Shields,* 818 S.W.2d 752, 754 (Tex.1991) (per curiam). In this case, there is a final adjudication that the Legislature has not waived Harris County's immunity on the facts of this case. Since the trial court properly dismissed Sykes's claims against Harris County with prejudice, Carl Borchers is entitled to derivative immunity under section 101.106 of the Texas Tort Claims Act.

The court of appeals erred in holding that the claims against Harris County

---

**3.** This section was amended by Act of June 11, 2003, 78th Leg., R.S., ch. 204 § 11.05. The amended section became effective on September 1, 2003 and applies to actions filed on or after the effective date.

should be dismissed without prejudice and that such a dismissal is not a judgment under section 101.106 of the Texas Tort Claims Act. Accordingly, we modify the judgment of the court of appeals and render judgment that the plaintiff's suit is dismissed with prejudice. We also reverse the portion of the court of appeals' judgment reversing Carl Borchers's summary judgment and render judgment that the plaintiff take nothing.

Justice BRISTER, joined by Justice O'NEILL, concurring.

For reasons stated elsewhere, governmental immunity should not be raised in a motion called a "plea to the jurisdiction." [1] This case shows another reason why.

The Court holds dismissal by plea to the jurisdiction on immunity grounds must be with prejudice. [2] While many intermediate appellate court opinions are cited in support, just as many others can be cited to the contrary (and are now impliedly disap-

proved). [3] How could so many courts have been so confused?

We have recently held dismissal must be *without* prejudice when based on mootness, [4] forum non conveniens, [5] or exclusive jurisdiction. [6] Each of these dilatory matters could be raised in a "plea to the jurisdiction," and presumably changing the motion's name would not change the preclusive effect. Thus, the rule regarding pleas to the jurisdiction appears to be: dismissal is usually without prejudice, but sometimes with prejudice. When? Why?

The conflicting opinions by the courts of appeals give no satisfactory explanation for either result. Of the "with prejudice" courts, only one appears to have made any attempt to explain why dismissal based on sovereign immunity should be preclusive; the explanation in that case was that plaintiffs cannot amend their pleadings or present evidence on pleas to the jurisdiction [7] —both of which assertions are wrong. [8]

The "without prejudice" courts have explained that dismissal based on lack of

---

1. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex.2004) (Brister, J., dissenting).

2. 136 S.W.3d at 637.

3. *See, e.g., Mullins v. Estelle High Sec. Unit*, 111 S.W.3d 268, 274 (Tex.App.-Texarkana 2003, no pet.) (holding dismissal of inmate's suit as frivolous due to defendant's immunity should have been without prejudice); *Ab–Tex Beverage Corp. v. Angelo State Univ.*, 96 S.W.3d 683, 686 (Tex.App.-Austin 2003, no pet.); *Prairie View A & M Univ. of Tex. v. Mitchell*, 27 S.W.3d 323, 327 (Tex.App.-Houston [1st Dist.] 2000, pet. denied); *Li v. Univ. of Tex. Health Sci. Ctr. at Houston*, 984 S.W.2d 647, 654 (Tex.App.-Houston [14th Dist.] 1998, pet. denied); see also *Cervantes v. Tyson Foods, Inc.*, 130 S.W.3d 152, 157–58 (Tex.App.-El Paso 2003, pet. filed) (holding order granting plea to the jurisdiction for missing deadline for filing administrative appeal must be without prejudice); *Bell v. State Dep't of Highways & Pub. Transp.*, 945 S.W.2d

292, 295 (Tex.App.-Houston [1st Dist.] 1997, writ denied) (holding sovereign immunity claim raised by special exception could not be dismissed with prejudice).

4. *Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex.1999) (per curiam).

5. *Owens Corning v. Carter*, 997 S.W.2d 560, 580 n. 13 (Tex.1999).

6. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex.2002).

7. *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex.App.-Austin 1994, writ denied).

8. *See County of Cameron v. Brown*, 80 S.W.3d 549, 558–59 (Tex.2002) (holding plaintiff must be given opportunity to replead before plea to the jurisdiction based on pleadings is granted); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000) (holding plea to the jurisdiction is not limited to consideration of pleadings).

jurisdiction can never be on the merits, and is improper if the plaintiff can remedy the jurisdictional defect.[9] But courts always have jurisdiction to determine their own subject-matter jurisdiction,[10] and a determination on that matter should not be open to endless relitigation. Further, as plaintiffs must be given an opportunity to remedy defects regarding immunity before any plea to the jurisdiction is granted,[11] it is unclear why that opportunity should be extended in perpetuity.

The Court adopts the "with prejudice" rule because "a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined."[12] This begs the question; when is jurisdiction finally determined? Nothing inherent in pleas to the jurisdiction suggests an answer.

Today's holding can only be explained as another ad hoc effort to modernize an obsolete common-law plea. Because a plea to the jurisdiction is not so much a motion as a category of complaints, it will always be hard to say with particularity or uniformity what rules ought to apply. Wisely, the Texas Rules of Civil Procedure do not even try; we should follow that lead.

There would never have been as much confusion if sovereign immunity had to be raised by summary judgment or special exceptions. The summary judgment rules make clear not only the deadlines and evidentiary rules, but also that any summary judgment granted is preclusive on the issues actually decided.[13] Similarly, if sovereign immunity is raised by special exceptions, claimants know they have one chance to replead and are thereafter barred.[14]

The only valid explanation for today's holding is that changing the motion's name to a "plea to the jurisdiction" should not change the preclusive effect. But rather than holding that a plea to the jurisdiction based on immunity should be dismissed with prejudice because that would be the effect of a summary judgment or dismissal after special exceptions on the same grounds, I would simply hold immunity must be raised by the latter motions. Accordingly, I agree with today's holding in Part II, though on different grounds; I join fully in Part III.

Justice BRISTER filed a concurring opinion, in which Justice O'NEILL joined.

Justice SCHNEIDER did not participate in the decision.

9. *See, e.g., Mullins,* 111 S.W.3d at 274; *Ab-Tex Beverage,* 96 S.W.3d at 686.

10. *See Camacho v. Samaniego,* 831 S.W.2d 804, 809 (Tex.1992).

11. *Brown,* 80 S.W.3d at 559.

12. 136 S.W.3d at 639.

13. *See Hyundai Motor Co. v. Alvarado,* 892 S.W.2d 853, 854 (Tex.1995) (per curiam) (holding that nonsuit without prejudice nevertheless operates as dismissal with prejudice as to issues decided in earlier partial summary judgment).

14. *See Friesenhahn v. Ryan,* 960 S.W.2d 656, 658 (Tex.1998); *Tex. Dep't of Corr. v. Herring,* 513 S.W.2d 6, 10 (Tex.1974).