IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00375-CV

 

Texas A&M University System, 

Texas Engineering Experiment 

Station and Dr. Mark McLellan,

                                                                      Appellants

 v.

 

Dr. Sefa Koseoglu,

                                                                      Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court # 03-000679-CV-261

 



CONCURRING AND DISSENTING Opinion



 








          There
comes a point in litigation when choices have to be made.  There are consequences of making
choices.  When faced with a plea to the
jurisdiction, a party can choose to amend or stand.  In Texas, we have extraordinarily liberal pleading
rules.  And under the applicable standard
of review, it’s like horseshoes, you get points for being close; you do not
have to land a ringer every time.

          The
ruling we should make should encourage the plaintiff to give it the best
shot.  The plaintiff should make all the
allegations that can be supported to bring the case within a waiver of
sovereign immunity.  This is especially
true once a plea to the jurisdiction has been filed.  Thereafter, by the passage of time, it is
reasonable to conclude what is in the pleadings is all the plaintiff has to
offer the trial court.  The trial court
should be able to rule on the plea to the jurisdiction based upon what is on
file in the way of pleadings and the evidence properly admitted at the hearing
that supports a waiver.  Based upon that
same record, we should be able to review the propriety of the trial court’s
ruling.

          The
alternative is what the majority is doing, encouraging the plaintiff to not
plead all the information and never amend its pleadings until after it has suffered an adverse ruling.

          This
is not an appeal of a dismissal after an adverse ruling, or no ruling, on
special exceptions as was County of Cameron v.
Brown, 80 S.W.3d 549 (Tex. 2002). 
Try as they might to change what Cameron
says by rephrasing a quote, by inserting language it did not contain, into a
parenthetical used in Cameron to
explain a description of the case, see
majority op. at pg. 14, Cameron does
not hold that a plaintiff must be given an opportunity to replead after an
adverse ruling on a plea to the jurisdiction.

          What
the majority is actually holding is 1) that a plea to the jurisdiction is
nothing more than a special exception, and 2) that the trial court must, that
is must, give an advisory opinion of how it intends to rule on the plea, let
some amount of time pass, though we do not know how much, and if no amended
pleading is filed, then rule.

          What
a waste of judicial resources, both trial and appellate.  I would hold that if the plaintiff has had a
reasonable opportunity to evaluate the plea to the jurisdiction and amend the
petition to meet the complaints raised in that plea, but fails or refuses to
amend, the plaintiff must suffer the consequence of its decision.  Dr. Koseoglu had known for several months
prior to the hearing that the jurisdiction of the trial court was being
attacked.  He did nothing in response.

          Further,
the bright-line rule which requires an opportunity to amend after an adverse
ruling is contrary to the Texas Supreme Court’s instructions in Miranda. 
Tex. Dep't
of Parks & Wildlife v. Miranda,
133 S.W.3d 217 (Tex. 2004). 
We are to review what has been filed and determine, if we can, whether
the plaintiff has affirmatively pleaded themselves out of court.  What we do not know is if there is an amended
pleading, does this mean the movant has to start with a new plea to the
jurisdiction?[1]

Accordingly, I concur in the result except to
the extent the case as to Texas A&M University System and Texas Engineering
Experiment Station is remanded to allow Koseoglu to amend his
petition.  While Koseoglu asserts that he
can replead to bring himself within the waiver of the Tort Claims Act, the
facts alleged in his petition, if proven, affirmatively place him outside
waiver of sovereign immunity in the Tort Claims Act.




Based
upon the allegations made by Koseoglu, there is no amendment which will give
the trial court jurisdiction. 
Accordingly, because the allegations affirmatively demonstrate that the
trial court has no jurisdiction, we should render a judgment of dismissal with
prejudice as to these defendants.  Tex. Dep't
of Parks & Wildlife v. Miranda,
133 S.W.3d 217 (Tex. 2004) and Harris County v. Sykes, 136 S.W.3d 635
(Tex. 2004).

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

 

Concurring and dissenting opinion
delivered and filed March 9, 2005

 











[1] After all, this is not like a special exception
where the court’s ruling is specific enough to know what pleadings may bring
some claim within the waiver and what claim may still not be adequately pled to
show that it is not within an exception to governmental immunity.  See
e.g., City of Waco v.
Wright, No. 10-04-00045-CV, 2004
Tex. App. LEXIS 10117 (Tex. App.—Waco Nov. 10, 2005, no pet.)(mem. op.)(From the majority opinion
in City of Waco v. Wright, it is
impossible to tell what claim has been adequately pled. Id. at *2-4 (Gray, C.J., concurring)). I recognize
that some Supreme Court Justices consider a plea to the jurisdiction as an
arcane method by which to attack the trial court’s jurisdiction.  See
Miranda, 133 S.W.3d at 239-245
(Brister, J., dissenting).  But the
Legislature specifically identified this procedural vehicle as a proper vehicle
through which to address the problem of suits against governmental entities.  The vehicle having been chosen by the
Legislature, we have little choice but to ride it.