Opinion filed November 10, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed November 10, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00302-CV 

 

                                                    __________

 

                           STITH REECE EDMONDSON, III, Appellant

 

                                                             V.

 

         PALO
PINTO COUNTY DISTRICT ATTORNEY=S
OFFICE ET AL,         Appellees

 



 

                                          On
Appeal from the 29th District Court

 

                                                      Palo
Pinto County, Texas

 

                                                  Trial
Court Cause No. C40060

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








This is an appeal from an order dismissing with
prejudice all causes of action asserted in this case by Stith Reece Edmondson,
III, a pro se indigent inmate.  Edmondson
sued the Palo Pinto County District Attorney=s
Office, Jerry Ray, and James Roberts, alleging that the defendants had
committed a tort by failing to preserve evidence and that they had negligently
used tangible property belonging to the State B
a photograph B during
his criminal trial.  Edmondson asserted
that the negligent use of the false and misleading photograph caused him
injury.  After the defendants filed various
motions to dismiss, the trial court held a hearing and dismissed the causes of
action for want of jurisdiction.  We
affirm.  

The record shows that the motion to dismiss for
want of jurisdiction was based upon sovereign and official immunity and the lack
of waiver of that immunity by the Texas Tort Claims Act, TEX. CIV. PRAC. &
REM. CODE ANN. ch. 101 (Vernon 2005 & Supp. 2005).  Edmondson=s
only contention in his sole issue on appeal is that the order dismissing his
causes of action should have been made Awithout
prejudice,@ rather
than Awith
prejudice.@  Edmondson cites cases such as Bell v.
State Department of Highways and Public Transportation, 945 S.W.2d 292
(Tex.App. - Houston [1st Dist.] 1997, writ den=d),
and prays that we reform the judgment to so reflect.  

Although the cases relied upon by Edmondson do
support his contention, those cases are no longer good law.  The Texas Supreme Court, rejecting the
holding in Bell, resolved a dispute among the courts of appeals when it
decided Harris County v. Sykes, 136 S.W.3d 635, 638-40 (Tex.2004).  In Sykes, the supreme court held that
a dismissal with prejudice is the proper result when, after the governmental
entity=s filing
of a plea to the jurisdiction, the plaintiff has been provided with a reasonable
opportunity to amend his pleadings but has still failed to allege facts that
would constitute a waiver of immunity.  Harris
County v. Sykes, supra at 639.  The
record in this case shows that Edmondson had ample opportunity to amend his
pleadings after the filing of the motion to dismiss for want of
jurisdiction.  Consequently, we hold that
the trial court did not err in dismissing Edmondson=s
causes of action Awith
prejudice.@  The sole issue on appeal is overruled.  

The judgment of the trial court is affirmed.  

 

PER CURIAM

 

November 10, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Wright, C.J., and

McCall, J., and Strange, J.