In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00942-CV




HENRY P. PORRETTO, JR. AND ROSEMARIE PORRETTO, Appellants

V.

JERRY PATTERSON, COMMISSIONER OF THE TEXAS GENERAL
LAND OFFICE, TEXAS GENERAL LAND OFFICE, LOU MULLER,
EXECUTIVE DIRECTOR OF THE PARK BOARD OF TRUSTEES OF
THE CITY OF GALVESTON, TEXAS, AND THE PARK BOARD OF
TRUSTEES OF THE CITY OF GALVESTON, TEXAS, Appellees




On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 02CV0295




OPINION DISSENTING IN PART AND CONCURRING IN PART

          I respectfully dissent from the panel’s resolution of issue one. The defendants
argue that the Porrettos’ case is not truly an inverse condemnation case, but is, in fact,
a trespass to try title action because it involves a dispute over title to real property. 
The defendants also argue that, because the State is actually claiming ownership of
the property, it has no intent to take the Porrettos’ property. I agree with the
defendants.
          Texas courts have repeatedly held that a trespass to try title action is the proper
method of adjudicating rival claims to real property. Martin v. Amerman, 133 S.W.3d
262, 267 (Tex. 2004) (stating that trespass to try title is ‘the method for determining
title to . . . real property.” ) (quoting Tex. Prop. Code Ann. § 22.001(a)); Rogers v.
Ricane Enters., 884 S.W.2d 763, 768 (Tex. 1994); Yoast v. Yoast, 649 S.W.2d 289,
292 (Tex. 1983).
          Thus, the question presented is whether the Porrettos can try the State’s title
in an inverse condemnation proceeding. I think not. In Bell v. State Department of
Highways and Public Transportation, the plaintiff filed a declaratory judgment,
seeking a declaration that he held title to property upon which the State had built a
highway. 945 S.W.2d 292, 293 (Tex. App.—Houston [1st Dist.] 1997, writ denied),
abrogated on other grounds by Harris County v. Sykes, 136 S.W.3d 635 (Tex. 2004).
Id. The State claimed title to the property by adverse possession. 945 S.W.2d 292,
293. This Court held that “[n]o matter how Bell’s suit is styled, it is, as the trial court
found, ‘in effect’ a trespass to try title suit.” 945 S.W.2d at 294. This Court further
held that because Bell did not obtain legislative consent before bringing his trespass
to try title action against the State, the trial court lacked subject-matter jurisdiction. 
Id.
          In Texas Southern University v. State Street Bank and Trust Co., the plaintiff
entered into an equipment lease with Texas State University (TSU), a governmental
entity. 212 S.W.3d 893, 897–98 (Tex. App.—Houston [1st Dist.] pet. denied). The
plaintiff sued TSU, alleging that TSU had “taken” its equipment by inverse
condemnation. Id. at 899. This Court held that because TSU was acting under color
of contract, it was not exercising its eminent domain power. Id. at 911. As such,
TSU lacked the requisite intent under constitutional takings jurisprudence. Id.
          As in Bell, I believe that the Porrettos’ claim is “in effect” a trespass to try title
suit. Both the Porrettos and the State claim to own the property at issue. “Any suit
that involves a dispute over the title to land is, in effect, an action in trespass to try
title, whatever its form and regardless of whether legal or equitable relief is sought.” 
Jordan v. Exxon Corp., 802 S.W.2d 880, 883 (Tex. App.—Texarkana 1991, no writ). 
A trespass to try title suit is “the method for determining title to . . . real property.” 
Martin, 133 S.W.3d 266; Tex. Prop. Code Ann. § 22.001(a) (Vernon 2000).
          As in TSU v. State Street Bank, the Porrettos’ pleading does not show the
requisite intent necessary to establish a taking claim. The State claims the property
under color of title; it is not “taking” property that it believes belongs to the Porrettos.
          Indeed, were we to agree that the State’s claim of title to real property could
be adjudicated through a takings claim, we would be creating a waiver of the State’s
sovereign immunity in all actions involving the validity of the State’s title to real
property. The opposing party in a trespass to try title claim against the State would
always be able to circumvent the State’s immunity from suit simply by pleading his
case as an inverse condemnation. Such artful pleading should not be permitted to
effect a waiver of the State’s sovereign immunity.
          In sum, the Porrettos’ takings claim fails because (1) it is “in effect” a trespass
to try title action because it asks the court to adjudicate rival claims to the property,
and (2) when acting under color of title, the State does not have the requisite intent
to “take” the property of another. Because the Porrettos bring a trespass to try title
action against the State, not a takings claim, they must first obtain legislative consent,
which they did not do. See State v. Lain, 349 S.W.2d 579, 582 (Tex. 1961). Thus,
the trial court properly granted the defendants’ plea to the jurisdiction on the
Porrettos’ inverse condemnation claims.
          Accordingly, I would overrule issue one. 
          Because I believe that the GLO is entitled to immunity, I would also hold that
it is immune from the Porrettos’ breach of contract claim. See Tex. A & M
Univ.—Kingsville v. Lawson, 87 S.W.3d 518, 521 (Tex. 2002) (holding that if
governmental entity agrees to settle lawsuit from which it is not immune, it cannot
claim immunity from suit for breach of settlement agreement). 
          Accordingly, I would also overrule issue three in its entirety.
 
 
 
          I concur in the remaining portions of the opinion.
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Bland.

Chief Justice Radack, dissenting in part and concurring in part.