ACCEPTED
15-24-00127-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/8/2025 2:42 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00127-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/8/2025 2:42:27 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS
## FOR THE FIFTEENTH DISTRICT OF TEXAS

**SYNERGY GLOBAL OUTSOURCING, LLC,**

**Appellant,**

**v.**

**HINDUJA GLOBAL SOLUTIONS, INC., and HGS HEALTHCARE, LLC,**

**Appellees.**

**On Appeal from the First Business Court Division,
Dallas County, Texas, Cause No. 24-BC01B-0007**

## APPELLEES' REPLY IN SUPPORT OF
## MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

Appellees Hinduja Global Solutions, Inc. and HGS Healthcare, LLC (collectively, "Appellees") respectfully submit this Reply in support of their Motion to Dismiss this Appeal for Lack of Jurisdiction.

### INTRODUCTION

Synergy filed an unauthorized appeal of an interlocutory remand order. This Court thus lacks jurisdiction over the appeal, and the appeal must be dismissed.

1

Synergy's late-filed, recycled opposition[1] to Appellees' Motion to Dismiss confirms that its appeal is improper. Synergy does not assert that the Business Court's remand order is an appealable interlocutory order. Nor does Synergy contend that there has been a final judgment. It instead argues that the order is appealable as a "final resolution of business court jurisdiction," conjuring up a new rule of law that lacks any supporting authority and runs counter to longstanding principles of appealability. Synergy's contorted reasoning serves only to highlight that the Business Court's remand order is not an appealable final judgment. The order did not dispose of any claims or parties—much less "*all*" claims and parties. It merely returned the case to the district court, where all claims remain pending.

Aware that it is not entitled to this direct appeal, Synergy separately filed a mandamus petition challenging the Business Court's order. Synergy asserts that Appellees' Motion to Dismiss should be denied as "moot" in light of the mandamus petition. But this is wrong. Far from mooting this Motion, Synergy's filing of a mandamus petition reinforces that this direct appeal may not lie.

---

[1] Synergy requested and received an extension of time to file its response until January 3, 2025. Its response brief is a near carbon copy of briefs its counsel has filed in other cases. *E.g.*, Appellants' Response to Appellees' Motion to Dismiss, *Energy Transfer LP v. Culberson Midstream, LLC*, Case No. 15-24-00122-CV (Dec. 6, 2024); Appellant's Response to Appellees' Motion to Dismiss, *ETC Field Servs., LLC v. Tema Oil & Gas Co.*, Case No. 15-24-00124-CV (Dec. 6, 2024). Despite that its response had been substantially written for nearly a month, Synergy managed to miss its extended deadline. Synergy filed its opposition at 4:26 AM on January 4, 2025, over four hours late. Synergy has not acknowledged or provided a reason for its tardiness.

## DISCUSSION

**1. The Business Court's remand order is not an appealable interlocutory order or final judgment.**

As Appellees explained in their Motion—and as Synergy does not dispute—this Court only has jurisdiction over (1) statutorily authorized appeals of interlocutory orders and (2) appeals from a final judgment. *See* Appellees' Motion to Dismiss Appeal ("Mot.") at 3–4 (citing cases).

Synergy does not contend that any statute authorizes this interlocutory appeal. Its only remaining option, then, is to argue that the Business Court's remand order was a final judgment. *See id.* But Synergy does not take this position either. Not once in its response to Appellees' Motion does Synergy describe the remand order as a "final judgment." *See* Appellant's Response to Appellees' Motion to Dismiss ("Opp."). Indeed, Synergy's original docketing statement affirmatively represented that this is *not* an appeal from a final judgment. *See* Mot., Ex. 2 at 3. More telling still, after Appellees pointed this out in their Motion to Dismiss, *see* Mot. at 7, Synergy amended its docketing statement, only to *maintain* that this is not an appeal from a final judgment:

| | | |
|---|---|---|
| Judgment or Order disposes of all parties and issues? | ☒ Yes | ☐ No |
| Appeal from final judgment? | ☐ Yes | ☒ No |

*See* Ex. 1 (Synergy's Amended Docketing Statement (Dec. 19, 2024)) at 3 (annotation added).

Synergy's response—"No"—is correct. The Business Court's remand order is not a final judgment. A final judgment is a ruling that either "(1) dispose[s] of all remaining parties and claims then before the court," or "(2) include[s] unequivocal finality language that expressly disposes of all claims and parties." *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024). Here, there is no such ruling. The Business Court's remand order did not dispose of any parties or claims, nor did it include any "finality language" disposing of parties or claims. To the contrary, the Business Court merely sent this case back to the 191st Civil District Court in Dallas County, where *all* claims involving *all* parties remain pending.

Unable to characterize the Business Court's remand order as an appealable final judgment, Synergy instead invokes a new rule of law: that the remand order "is appealable because it is a final resolution of business court jurisdiction." Opp. at 6; *see also id.* at 3 (asserting that the order is appealable because "[i]t was a final resolution of that *jurisdiction issue* as to all parties and claims" (emphasis added)); *id.* at 6–7 ("The remand order . . . ruled that all parties and claims in this dispute are outside of business-court jurisdiction.").

But Synergy's proposed rule—a right to appeal any "final resolution" of a "jurisdiction issue"—is submitted with no supporting authority. That's because Synergy made it up. Indeed, Synergy's one citation in support of its novel position

4

flatly belies its argument. Synergy cites the Texas Supreme Court's decision in *Harris County v. Sykes* as providing that "if the court grants [a] plea to the jurisdiction . . . , the plaintiff may take an appeal *once that judgment becomes final*." *Id.* at 6 (quoting *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004)) (emphasis added). But that is precisely the problem with Synergy's appeal here: while the Business Court held that it lacks jurisdiction over this case, there has been no "judgment" that has "become[] final." *See Oncor Elec. Delivery Co. NTU, LLC v. Wilbarger Cnty. Appraisal Dist.*, 691 S.W.3d 890, 909–10 (Tex. 2024) (holding that a grant of a plea to the jurisdiction was not a final judgment because it did not "actually dispose of every pending claim and party"). Tellingly, in *Sykes*— Synergy's chosen authority—the plaintiff did not (and could not) appeal the court's grant of the defendant's plea to the jurisdiction until all claims were *later* resolved. *See Sykes*, 136 S.W.3d at 637–38.

Moreover, as Appellees explained in their Motion, the Texas Legislature expressly considered—and rejected—a proposal that would have authorized appeals of Business Court remand orders. *See* Mot. at 9. Specifically, a predecessor bill provided that "[a] party may appeal an interlocutory order of the business court that grants or refuses a remand under this subsection to the court of business appeals." H.B. 1875, 87th Leg., Reg. Sess. § 1 (Tex. 2021). H.B. 19 contains no such

5

language.  And despite its repeated insistence that the Legislature acts intentionally, *see* Opp. at 6, 7, Synergy is silent on this clear manifestation of legislative intent.

Synergy's proffered rule—appeals of so-called "final resolution[s]" of "jurisdiction issue[s]"—does not exist.  Absent an authorized interlocutory appeal, a party may only appeal final judgments.  Here, there is no final judgment.  *Everything* remains pending in Dallas County.

This Court lacks jurisdiction over Synergy's appeal of the Business Court's non-final, interlocutory order, and the appeal must be dismissed.

### 2. Synergy's recently filed mandamus petition reinforces that there is no jurisdiction over this direct appeal.

Unable to supply this Court with a basis for its appellate jurisdiction, Synergy pivots—and in so doing, confirms that its appeal must be dismissed.  On January 3, 2025, Synergy petitioned this Court for a writ of mandamus, seeking review of the Business Court's decision.  *See* Ex. 2 (Petition for Writ of Mandamus, *In re Synergy Glob. Outsourcing, LLC*, Case No. 15-25-00002-CV (Jan. 3, 2025)).  Synergy's decision to seek review by mandamus betrays its awareness that it is not entitled to this direct appeal.

But Synergy submits the opposite conclusion: that its mandamus petition means that Appellees' Motion to Dismiss should be denied "as moot."  Opp. at 8.  This suggestion makes no sense.  Synergy's initiation of a separate mandamus proceeding does nothing to solve the jurisdictional deficiency here: that there is no

appealable final judgment. The basis for dismissal thus remains, and Appellees' Motion should be granted.

Nor should the Court entertain Synergy's suggestion that this Motion be "consolidate[d] . . . for resolution along with the appeal and related mandamus proceeding." *Id.* Critically, if the Court lacks jurisdiction, it is without power to act at all, which is why jurisdiction must be resolved as a threshold determination. *See Dickson v. Am. Gen. Life Ins. Co.*, 698 S.W.3d 234, 235 (Tex. 2024) (Young, J., concurring in denial of petition for review) ("My chief point today is to emphasize that courts *must resolve* any jurisdictional challenges. . . before turning to the merits." (emphasis in original)).

Moreover, as a practical matter, briefing the merits of this appeal without resolving this straightforward, jurisdictional motion promises to waste the Court's and the parties' time and resources. Of course, that is what Synergy would like to do. Synergy's decisions to (i) remove its years-old case to the Business Court, (ii) file an unauthorized appeal of its loss, and then (iii) file a mandamus petition on the same topic, reflect its distinctly uneconomical approach to litigating this case. The Court should reject Synergy's obstructive tactics, resolve Appellees' Motion, and dismiss this appeal. Synergy's newly filed mandamus petition can be addressed on its own schedule.

**3. Synergy will lose on the merits in any event.**

Appellees note in closing that, whether litigated on direct appeal or by mandamus, Synergy's challenge to the Business Court's remand order is meritless. *Every court* that has considered the issue has rejected litigants' attempts to remove cases filed prior to September 1, 2024 to the business courts:

- *Energy Transfer LP v. Culberson Midstream LLC*, Cause No. 24-BC01B-0005 (Whitehill, J.) (Oct. 30, 2024)

- *Synergy Glob. Outsourcing, LLC v. Hinduja Glob. Sols., Inc.*, Cause No. 24-BC01B-0007 (Whitehill, J.) (Oct. 31, 2024)

- *Tema Oil & Gas Co. v. ETC Field Servs., LLC*, Cause No. 24-BC08B-0001 (Bullard, J.) (Nov. 6, 2024)

- *Jorrie v. Charles*, Cause No. 24-BC04B-0001 (Sharp, J.) (Nov. 7, 2024)

- *Winans v. Berry*, Cause No. 24-BC04A-0002 (Barnard, J.) (Nov. 7, 2024)

- *XTO Energy, Inc. v. Hous. Pipeline Co.*, Cause No. 24-BC11B-0008 (Dorfman, J.) (Nov. 26, 2024)

- *Seter v. Westdale Asset Mgmt., Ltd.*, Cause No. 24-BC01A-0006 (Bouressa, J.) (Dec. 16, 2024)

- *Lone Star NGL Prod. Servs. LLC v. EagleClaw Midstream Ventures LLC*, Cause No. 24-BC11A-0004 (Adrogué, J.) (Dec. 20, 2024)

Synergy identifies not a single court—and Appellees are aware of none—that has accepted the position that Synergy seeks to have this Court adopt on the merits.

**CONCLUSION**

The Court should grant Appellees' Motion to Dismiss and dismiss this appeal for lack of jurisdiction.

Dated:  January 8, 2025

Respectfully submitted,

SUSMAN GODFREY L.L.P.

By: */s/ Barry Barnett*
    Barry Barnett
    State Bar No. 01778700
    5956 Sherry Lane, Suite 2000
    Dallas, Texas 75225
    Phone: 214-415-9675
    Fax: 713-654-6666
    bbarnett@susmangodfrey.com

    Ophelia Camiña
    State Bar No. 03681500
    Jeffrey Zerda
    State Bar No. 24098933
    1000 Louisiana Street, Suite 5100
    Houston, Texas 77002
    Phone: 713-653-7803
    Fax: 713-654-6666
    ocamina@susmangodfrey.com
    jzerda@susmangodfrey.com

    Ravi Bhalla (*pro hac vice*)
    New York State Bar No. 5748223
    One Manhattan West, 50th Floor
    New York, NY 10001
    Phone: 212-336-8330
    Fax: 212-336-8340
    rbhalla@susmangodfrey.com

    *Counsel for Hinduja Global Solutions,*
    *Inc. and HGS Healthcare, LLC*

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with the typeface requirements and word-count limitations of Rule 9 of the Texas Rules of Appellate Procedure because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes and it contains 1,756 words, including images, in the relevant sections.

*/s/ Barry Barnett*
Barry Barnett

## CERTIFICATE OF SERVICE

I certify that, on January 8, 2025, a true and correct copy of this document was filed with the Court of Appeals and served via electronic service on counsel of record in accordance with the Texas Rules of Appellate Procedure.

*/s/ Barry Barnett*
Barry Barnett

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Katie Tyler on behalf of Barry Barnett
Bar No. 1778700
ktyler@susmangodfrey.com
Envelope ID: 95998746
Filing Code Description: Response
Filing Description: Appellees' Reply In Support of Motion to Dismiss Appeal for Lack of Jurisdiction
Status as of 1/8/2025 4:16 PM CST

Associated Case Party: Synergy Global Outsourcing, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David S.Coale | | dcoale@lynnllp.com | 1/8/2025 2:42:27 PM | SENT |
| Michael K.Hurst | | mhurst@lynnllp.com | 1/8/2025 2:42:27 PM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 1/8/2025 2:42:27 PM | SENT |
| Tonia Ashworth | | tashworth@lynnllp.com | 1/8/2025 2:42:27 PM | SENT |
| Leo Park | 24122983 | LPark@lynnllp.com | 1/8/2025 2:42:27 PM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 1/8/2025 2:42:27 PM | SENT |
| Greg Brassfield | | gbrassfield@lynnllp.com | 1/8/2025 2:42:27 PM | SENT |
| Gina Flores | | gflores@lynnllp.com | 1/8/2025 2:42:27 PM | SENT |
| Ronni Bracken | | rbracken@lynnllp.com | 1/8/2025 2:42:27 PM | SENT |
| Daniela VeraHolmes | | dholmes@lynnllp.com | 1/8/2025 2:42:27 PM | SENT |

Associated Case Party: Hinduja Global Solutions, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Barry Barnett | 1778700 | bbarnett@susmangodfrey.com | 1/8/2025 2:42:27 PM | SENT |
| Ophelia Camina | 3681500 | ocamina@susmangodfrey.com | 1/8/2025 2:42:27 PM | SENT |

Associated Case Party: HGS Healthcare, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Barry Barnett | 1778700 | bbarnett@susmangodfrey.com | 1/8/2025 2:42:27 PM | SENT |
| Ophelia Camina | 3681500 | ocamina@susmangodfrey.com | 1/8/2025 2:42:27 PM | SENT |

Case Contacts

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Katie Tyler on behalf of Barry Barnett
Bar No. 1778700
ktyler@susmangodfrey.com
Envelope ID: 95998746
Filing Code Description: Response
Filing Description: Appellees' Reply In Support of Motion to Dismiss Appeal for Lack of Jurisdiction
Status as of 1/8/2025 4:16 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Allen Hernandez | | ahernandez@susmangodfrey.com | 1/8/2025 2:42:27 PM | SENT |