# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00538-CV

**Susan Combs, Texas Comptroller of Public Accounts,
and the Office of the Comptroller of Public Accounts, Appellants**

**v.**

**The Texas Civil Rights Project and Susan Canright, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-11-001228, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## DISSENTING OPINION

I agree with and join the portion of Justice Field's opinion in which he concludes that a Rule 202 petition is not in itself a "suit," that not all Rule 202 proceedings involving governmental entities are "suits" that seek to control state action, and that pre-suit depositions of governmental entities under Rule 202 are not, in wholesale, barred by sovereign immunity. I also agree with and join the portion of the opinion in which Justice Field concludes that Rule 202 depositions may not be used solely to investigate potential claims that are otherwise barred by sovereign immunity. I also agree with and join the portion of the opinion in which Justice Field concludes that the pleading requirements of Rule 202 are necessarily less stringent than those normally required to demonstrate a trial court's jurisdiction.

However, I disagree with the conclusion that the trial court did not have subject-matter jurisdiction over the Plaintiffs' Rule 202 petition requesting a pre-suit deposition of

Comptroller Combs and a representative of the Comptroller's Office. Accordingly, I respectfully dissent from the majority's judgment.

When sovereign immunity is clearly implicated, it is reasonable to require that a petitioner's Rule 202 pleadings demonstrate that he is potentially entitled to some type of relief that would not be barred by sovereign immunity. But I do not agree that the Plaintiffs have not met that standard here. First, the Plaintiffs' petition contains allegations that they are seeking, at least in part, to discover "what measures must be implemented to prevent Comptroller Combs and her Office from similarly violating the rights of millions of Texans in the future." Such a request for forward-looking relief sufficiently demonstrates, in my opinion, that the Plaintiffs may ultimately seek prospective relief, injunctive or otherwise, if in fact they later file a lawsuit. Sovereign immunity would not be a bar to such relief.

Justice Field concludes that, as a matter of law, no such prospective relief could be available, relying on "the undisputed evidence submitted by the State Defendants." It appears that, by considering evidence relevant to a jurisdictional issue (i.e., whether prospective relief could be available), Justice Field is attempting to employ the type of analysis described in *Texas Department of Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004) (when plea to jurisdiction challenges existence of jurisdictional facts, court considers relevant evidence submitted by parties when necessary to resolve jurisdictional issue raised; if jurisdictional inquiry implicates merits of suit, summary-judgment type standard is applied). But this type of analysis is incompatible with a court's decision on a Rule 202 petition. Unlike the plaintiff in a pending lawsuit, a Rule 202 petitioner has not had the opportunity to conduct discovery that might uncover evidence to refute any evidence

2

submitted by the potential deponent. Thus, applying what is essentially a "summary-judgment standard" in the context of determining whether a Rule 202 petitioner might be entitled to a certain type of relief gives a patently unfair advantage to the party resisting the deposition. I do not believe that a Rule 202 petitioner should be denied an opportunity to take discovery merely because he is presently unable to submit to the court the very type of evidence he seeks to discover.

Moreover, I believe that even if Justice Field's analysis were appropriate in this context, the State Defendants have done nothing more than raise a fact issue with regard to whether Comptroller Combs's remedial actions are sufficient to preclude any possible prospective relief to the Plaintiffs. Summary judgment may be based on the uncontroverted evidence of an interested witness only if it is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, *and could have been readily controverted*. *See* Tex. R. Civ. P. 166a(c). Here, the State Defendants' evidence could never be readily controverted by the Plaintiffs for the simple reason that, if such evidence exists, the Plaintiffs have not had the opportunity to discover it. I would therefore decline to characterize the State Defendants' evidence as "undisputed" as that word is generally understood in the summary-judgment context.

I disagree that the trial court lacked subject-matter jurisdiction over the Plaintiffs' Rule 202 petition for the additional reason that the Plaintiffs might ultimately decide to file an ultra vires claim against Comptroller Combs or some other State officer or employee in their *individual* capacity.[1] It is not clear from the Plaintiffs' Rule 202 petition whether they contemplate suing

---

[1] The term "ultra vires," which simply means "unauthorized" or "beyond one's power," Bryan A. Garner, *A Dictionary of Modern Legal Usage* 895 (2nd ed. 1995), is broad enough to encompass claims against officials and employees of the State in their *individual* capacities as well

3

Comptroller Combs in her official or individual capacity, or both. When a petition in a pending lawsuit does not clearly specify whether the government official is sued in her official or individual capacity, courts look to the "course of proceedings" for an indication of the nature of the liability sought to be imposed. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 377 (Tex. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 (1985)). But in a Rule 202 petition, there is no existing "course of proceedings" to consider, and at this stage of the present case it is impossible to know whether the Plaintiffs will decide to sue Comptroller Combs or others in their individual capacity. *See id.* at 373 n.7 (quoting *Alden v. Maine*, 527 U.S. 706, 757 (1999) ("Even a suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally.")). In that instance, sovereign immunity would not be implicated at all.[2]

Moreover, even if I agreed that the Plaintiffs have failed to sufficiently allege facts demonstrating their possible entitlement to some relief not barred by sovereign immunity, I believe that this cause should be remanded to the trial court to give the Plaintiffs an opportunity to amend their petition in order to plead additional jurisdictional facts. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("[A] plaintiff deserves 'a reasonable opportunity to amend' unless the pleadings affirmatively negate the existence of jurisdiction.") (quoting *Harris*

as their *official* capacities.

[2] While government employees may, under certain circumstances, be entitled to "official immunity," such immunity is an affirmative defense, and the burden is on the government employee to establish all elements of the defense. *See, e.g.*, *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).

*Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004)). First, there is nothing in the Plaintiffs' Rule 202 petition itself that "affirmatively negates" the possibility of obtaining prospective relief or the possibility that the Plaintiffs may ultimately decide to sue Comptroller Combs in her individual capacity. Justice Field concludes, however, that the "allegations presented by the Plaintiffs in their rule 202 petition, *together with the evidence presented by the State Defendants*," affirmatively negates the possibility of potential prospective relief. Slip op. at 15 (emphasis added).[3] I have found no case in which the decision whether to allow a plaintiff the opportunity to amend his petition to allege sufficient jurisdictional facts has been based on *evidence*, much less evidence *submitted by the defendant*. Rather, courts look to the *plaintiff's pleadings*, construed in the light most favorable to the plaintiff, to determine if a pleading defect is "incurable":[4]

> If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend.

*Miranda*, 133 S.W.3d at 226-27 (citation omitted). Because the Plaintiffs' Rule 202 petition itself does not allege facts that demonstrate incurable jurisdictional defects, they should be given an opportunity to amend their pleadings to try to cure any pleading insufficiency.

---

[3] Justice Field's opinion does not address the possibility of a suit against Comptroller Combs or some other State officer in his or her individual capacity.

[4] I acknowledge that if the *plaintiff* himself submits evidence relevant to the jurisdictional inquiry, it might be appropriate to consider that evidence in deciding the opportunity-to-amend question, but the evidence submitted by the Plaintiffs here does not in any way show that prospective relief would be unobtainable.

5

Thus, I would hold that the trial court had subject-matter jurisdiction over the Rule 202 proceedings, and, in any event, that the Plaintiffs should be given an opportunity to amend.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed:   August 29, 2013