# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00396-CV

**Texas Board of Chiropractic Examiners and Yvette Yarbrough, Executive Director, Appellants**

**v.**

**Texas Medical Association, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-11-000326, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The Texas Medical Association (TMA) filed suit in Travis County district court challenging the validity of certain provisions of a scope-of-practice rule adopted by the Texas Board of Chiropractic Examiners (the Board). *See* Tex. Gov't Code § 2001.038 (permitting challenge to validity or applicability of agency rules). After the district court denied the Board's plea to the jurisdiction, the Board perfected this appeal. The Board asserts in two issues that the district court lacked subject-matter jurisdiction over the TMA's suit because it is an impermissible collateral attack and because the TMA sought to relitigate issues that had been resolved in prior litigation. We will affirm.

**BACKGROUND**

The practice of medicine in Texas is regulated by the Texas Medical Board, and the legislature has mandated that a person cannot lawfully "practice medicine" in the state without a license issued by the Texas Medical Board. *See* Tex. Occ. Code §§ 151.001-.056 (Medical Practice Act). The Medical Practice Act defines "practicing medicine" as "the diagnosis, treatment, or offer to treat a mental or physical disease or disorder or a physical deformity or injury by any system or method, or the attempt to effect cures of those conditions" by a person who either "directly or indirectly charges money or other compensation for those services" or publicly professes to be a physician or surgeon. *See id*. § 151.002(a)(13). Carved out of the definition of "practicing medicine" are a variety of other health-related fields, practitioners of which are subject to their own regulations but are exempted from the Medical Practice Act's education, training, and licensing standards and from the Texas Medical Board's regulatory authority. *See id.* § 151.052. Among the exempted fields is "a licensed chiropractor engaged strictly in the practice of chiropractic as defined by law." *See id.* § 151.052(a)(3). Texas Occupations Code chapter 201 regulates the practice of chiropractic. *See id.* §§ 201.001-.606. This chapter defines the permissible scope of chiropractic practice, imposes educational and licensing requirements on chiropractors, and delegates regulatory authority over the chiropractic field to the Board.

Occupations Code section 201.002(b) provides:

A person practices chiropractic under this chapter if the person:

(1) uses objective or subjective means to analyze, examine, or evaluate the biomechanical condition of the spine and musculoskeletal system of the human body;

(2) performs nonsurgical, nonincisive procedures, including adjustment and manipulation, to improve the subluxation complex or the biomechanics of the musculoskeletal system;

(3) represents to the public that the person is a chiropractor; or

(4) uses the term "chiropractor," "chiropractic," "doctor of chiropractic," "D.C.," or any derivative of those terms or initials in connection with the person's name.

*Id.* § 201.002(b). In 2005 the Texas Legislature mandated that the Board "adopt rules clarifying what activities are included within the scope of the practice of chiropractic and what activities are outside of that scope," including "clearly specify[ing] the procedures that chiropractors may perform" and "any equipment and the use of that equipment that is prohibited." *See* Act of May 27, 2005, 79th Leg., R.S., ch. 1020, § 8, 2005 Tex. Gen. Laws 3464, 3466-67 (codified at Tex. Occ. Code §§ 201.1525-.1526). In response, the Board promulgated the "Scope of Practice" rule, certain provisions of which the TMA has challenged in the proceedings underlying this appeal. *See* 22 Tex. Admin. Code § 75.17 (2014) (Tex. Bd. of Chiropractic Exam'rs, Scope of Practice).

In its petition, the TMA asserts that certain specific provisions of the scope-of-practice rule are invalid because they impermissibly expand the scope of chiropractic practice beyond its statutory limits by (1) authorizing chiropractors to "diagnose" diseases; (2) improperly defining the "musculoskeletal system" to include "nerves"; (3) authorizing certain licensed chiropractors to perform "Technological Instrumented Vestibular-Ocular-Nystagmus" testing, which the TMA argues is unrelated to the biomechanical condition of the musculoskeletal system or the spine; and (4) defining "subluxation complex" as a "neuromusculoskeletal system." *See, e.g.*, *Texas Orthopaedic Ass'n v. Texas State Bd. of Podiatric Med. Exam'rs*, 254 S.W.3d 714, 722

3

(Tex. App.—Austin 2008, pet. denied) (rule that expanded practice of podiatry beyond statutory scope was invalid); *Office of Pub. Util. Counsel v. Public Util. Comm'n*, 131 S.W.3d 314, 321 (Tex. App.—Austin 2004, pet. denied) (agency's rules must comport with agency's authorizing statute).

The Board filed a plea to the jurisdiction asserting that the TMA was "barred by collateral estoppel" from arguing that the challenged provisions of the scope-of-practice rule are invalid because they authorize chiropractors to diagnose diseases. The Board asserted that this "claim had been litigated to a final judgment in a previous lawsuit between the same parties and determined adversely to the TMA." The Board argued that, because another court had made a final ruling on that issue in previous litigation, it was moot and therefore the district court in the present case did not have subject-matter jurisdiction to consider the Board's argument that the challenged provisions were invalid because they permitted chiropractors to make a "diagnosis." The district court denied the plea to the jurisdiction, and this appeal followed.

## DISCUSSION

A plea to the jurisdiction is a dilatory plea by which a party challenges the court's authority to determine the subject matter of the action. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The propriety of the district court's denial of the Board's plea to the jurisdiction depends, then, on whether it has subject-matter jurisdiction over the TMA's rule challenge. Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

4

It is incontrovertible that a Travis County district court has subject-matter jurisdiction over a challenge to an administrative rule. Government Code section 2001.038 expressly provides, in pertinent part:

> (a) The validity or applicability of a rule . . . may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to impair, a legal right or privilege of the plaintiff.
>
> (b) The action may be brought only in a Travis County district court.
>
> (c) The state agency must be made a party to the action.

Tex. Gov't Code § 2001.038. The Board, however, asserted in its plea to the jurisdiction that the district court lacked subject-matter jurisdiction over one of the TMA's arguments for invalidating the challenged provisions of the scope-of-practice rule because that argument had been addressed and adjudicated in previous litigation and was therefore moot. According to the Board, the question of whether a provision in the scope-of-practice rule is invalid for using the term "diagnosis" has already been litigated in a prior case involving the TMA and the Board. *See Texas Bd. of Chiropractic Exam'rs v. Texas Med. Ass'n*, 375 S.W.3d 464, 488-92 (Tex. App.—Austin 2012, pet. denied) (*TMA I*). We disagree. Even if one of the arguments the TMA now advances in support of its claim has already been decided against it (which we do not decide), that would not deprive the district court of subject-matter jurisdiction over a challenge to provisions of the scope-of-practice rule that were not at issue in the previous litigation.

The TMA's petition in the present case requests a declaration that certain provisions of the scope-of-practice rule are invalid, specifically sections 75.17(b)(5) (defining "musculoskeletal

5

system"), 75.17(b)(9) (defining "subluxation complex"), and 75.17(c)(3)(C) (permitting certain chiropractors to perform Technological Instrumented Vestibular-Ocular Nystagmus Testing). Thus, the controversy between the parties is only moot if the prior litigation resulted in a judgment regarding the validity of these provisions. An examination of the record and this Court's opinion in *TMA I* reveals that the validity of the rules the TMA challenges in this proceeding were not at issue in the previous litigation. *TMA I* involved challenges to rules concerning needle electromyography and manipulation under anesthesia. Also challenged in that litigation was rule 75.17(d), which permits chiropractors to "render an analysis, diagnosis, or other opinion regarding the findings of examinations and evaluations." It is evident that the prior litigation did not adjudicate the validity of the rule provisions challenged by the TMA in this litigation. Consequently, even if the TMA's argument regarding use of the term "diagnosis" had already been decided, this rule challenge has not been. Therefore, this case is not moot.

On appeal the Board argues that in *TMA I* the TMA litigated the issue of whether use of the term "diagnosis" rendered rule 71.17(d) invalid. The Board contends that the trial court refused to declare the challenged rule invalid on that basis and the TMA failed to perfect an appeal from that ruling. In the Board's view, this precludes the TMA from arguing that the rules challenged in *this* appeal are invalid for the reason that they permit a chiropractor to make a "diagnosis." The fallacy in the Board's argument is that it conflates the *basis* for the trial court's judgment regarding the validity of the rules at issue in *TMA I* with the judgment itself. The trial court's judgment in *TMA I* dealt solely with the validity of certain provisions of the scope-of-practice rule that are not at issue in the present litigation. The most that might be said is that the TMA could be barred by

6

collateral estoppel from contending that the use of the word "diagnosis" in the rule provisions challenged in this case renders them invalid.[1]  Collateral estoppel, however, is an affirmative defense that does not implicate the trial court's jurisdiction. *See, e.g.*, *Miranda*, 133 S.W.3d at 224 (comparing immunity from liability, which is affirmative defense, to immunity from suit, which deprives court of subject-matter jurisdiction); *Borders v. KRLB, Inc.*, 727 S.W.2d 357, 360 (Tex. App.—Amarillo 1987, writ ref'd n.r.e.) (affirmative defenses assert reasons claimant cannot recover even if his claims are true because of some other fact that bars recovery); *see also* Tex. R. Civ. P. 94 (identifying affirmative defenses including collateral etoppel).  Even if the Board were correct that the TMA is estoped from making the argument that the rule is invalid because it uses the word "diagnosis," the district court would not be deprived of subject-matter jurisdiction over the merits of the rule challenge or precluded from considering TMA's other arguments for invalidating the rule.  Thus, as noted above, the *TMA I* judgment does not moot the current controversy.

The Board argues for the first time on appeal that the district court does not have subject-matter jurisdiction over the proceeding because the TMA's rule challenge is a "collateral attack" on the final judgment in *TMA I*.  "A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005).  Thus, if this rule challenge seeks to obtain specific relief that the judgment in *TMA I* currently stands as a bar against, it would be an impermissible collateral attack on that judgment, and the district court would not have subject-matter

_____

[1]  We express no opinion regarding the merits of such an argument.

7

jurisdiction. As we noted above, in the present case the TMA challenges different provisions of the scope-of-practice rule from those at issue in *TMA I*. The TMA's present rule challenge does not seek to alter the trial court's rulings regarding the validity of the rules at issue in *TMA I*. Moreover, merely attempting to relitigate an issue does not necessarily constitute seeking to obtain specific relief that the existing judgment stands as a bar against. If it did, res judicata would not be an affirmative defense but would always be a jurisdictional matter. The TMA does not challenge the court's judgment in *TMA I*, but rather seeks to obtain a ruling that provisions in the scope-of-practice rule that were not addressed in *TMA I* are invalid. Therefore this proceeding is not a collateral attack on the prior judgment. The district court did not err in denying the Board's plea to the jurisdiction. We overrule the Board's two appellate issues.

## CONCLUSION

We affirm the district court's order denying the plea to the jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: December 8, 2014