

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00530-CV

Abelardo G. **GONZALEZ**,
Appellant

v.

Isidro R. **ALANIZ** and Pedro Morales,
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2020CVK001190D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: March 23, 2022

AFFIRMED

Abelardo G. Gonzalez appeals from the trial court's order dismissing his lawsuit against

Webb County District Attorney Isidro R. Alaniz and Assistant District Attorney Pedro Morales.

By two issues, Gonzalez claims that the trial court erred by dismissing his lawsuit with prejudice.

We affirm.

### BACKGROUND

In 2017, Belinda Rangel crashed her vehicle into a fence on Gonzalez's property. In 2018,

she pled guilty to the offense of driving while intoxicated and was sentenced to a one-year jail

term, probated for two years of community supervision. Rangel was not ordered to pay restitution. Gonzalez sued Rangel, seeking compensation for his damaged fence, and, in January 2019, a justice court rendered judgment in favor of Gonzalez and awarded him $8,026.74. During proceedings before the justice court, Gonzalez came to learn that Rangel had been sentenced in the criminal proceeding but had not been ordered to pay restitution. After learning of this, Gonzalez, acting *pro se*, filed the instant lawsuit against appellees, in their official capacities, contending that appellees failed to notify him about the criminal case against Rangel. In his petition, Gonzalez alleges that Rangel has not satisfied the justice court judgment. In his brief before this court, he describes that judgment as "a paper judgment only" that will never be paid. By his lawsuit, Gonzalez seeks declaratory and injunctive relief to require appellees to inform him of any future criminal proceedings relating to his property.

On August 3, 2020, appellees filed a plea to the jurisdiction contending that Gonzalez did not plead an underlying cause of action to support his requested relief. They also asserted sovereign and prosecutorial immunity. Gonzalez filed an amended petition, specifying that he brought a claim pursuant to 42 U.S.C. section 1983.[1] He alleges that appellees denied him access to the courts in violation of the First Amendment to the United State Constitution by failing to notify him about a criminal proceeding that related to his property. After holding a non-evidentiary hearing, the trial court granted appellees' plea and dismissed Gonzalez's claims with prejudice. Gonzalez appealed.

---

[1] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.

Gonzalez argues that the trial court erred by granting appellees' plea and that it abused its discretion by dismissing his lawsuit with prejudice. On appeal, appellees assert the same arguments in favor of their plea that they made in the trial court and additionally assert that Gonzalez does not have standing to assert his claims.

## STANDARD OF REVIEW

A party may assert that a trial court lacks subject-matter jurisdiction by filing a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Because the existence of subject-matter jurisdiction is a question of law, we review *de novo* the trial court's ruling on a plea to the jurisdiction. *In re Lubbock*, 624 S.W.3d 506, 512 (Tex. 2021) (orig. proceeding). In assessing a plea to the jurisdiction, we begin with the live pleadings. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). "We may also consider evidence submitted to negate the existence of jurisdiction—and we must consider such evidence when necessary to resolve the jurisdictional issue. We construe the plaintiff's pleadings liberally, taking all factual assertions as true[.]" *Id.* We must grant the plea if the plaintiff's pleadings affirmatively negate the existence of jurisdiction or if the defendant presents undisputed evidence that negates the existence of the court's jurisdiction. *Id.* Standing is a prerequisite to subject-matter jurisdiction, and the issue of standing can be raised for the first time on appeal. *Garcia v. City of Willis*, 593 S.W.3d 201, 206 (Tex. 2019); *Heckman*, 369 S.W.3d at 150.

## DISCUSSION

The issue of standing is dispositive of this appeal. Gonzalez states in his amended petition that he seeks only prospective declaratory and injunctive relief. He requests: "[A] prospective Injunction that [he] has a future right to be notified of any and all proceedings, should the same arise by the Defendant[s] so he could petition the courts for relief as the homeowner and property tax payer[.]" He further requests declarations regarding his status as a victim of Rangel with

purported rights as a victim to obtain notice and receive restitution. Gonzalez asserts that a declaratory judgment is appropriate because a justiciable controversy exists as to the criminal case against Rangel "as to the rights and status of the parties and the controversy will be resolved by the declaration[s] sought from the court and for <u>future purposes should the same [arise]</u>." (emphasis original). Gonzalez does not seek damages. *See Sup. Ct. of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736 (1980) ("Prosecutors enjoy absolute immunity from damages liability[.]").

To establish standing, a plaintiff must show: (1) an injury in fact, which is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) that is fairly traceable to the defendant's conduct; and (3) that is likely to be redressed by the requested relief. *Heckman*, 369 S.W.3d at 154–55 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). The Uniform Declaratory Judgments Act, under which Gonzalez requests declarations, is "merely a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power, permitting the rendition of advisory opinions." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011.

Gonzalez seeks the right to be notified of any and all proceedings that should arise by appellants' actions related to his property. Whether we construe Gonzalez's request for relief as covering only future proceedings against Rangel or, more broadly, as including proceedings against any individual who may happen to damage Gonzalez's property in the future, the prospect of future injury to Gonzalez is too remote, contingent, and speculative to support a viable claim. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (released inmates lacked standing to pursue claims for prospective relief challenging religious-education program in jail because potential future incarceration was too speculative); *see also Rogers v. City of Hous.*, 627 S.W.3d 777, 798

(Tex. App.—Houston [14th Dist.] 2021, no pet.). ("[T]he notion that [a police officer] could again accompany a . . . tree-trimming crew and arrest [plaintiff] on his property is too speculative to render [plaintiff's] constitutional claim viable."); *Smith v. Abbott*, 311 S.W.3d 62, 79 (Tex. App.— Austin 2010, pet. denied) ("[T]he prospect that [a parent] will owe future child-support arrearages and that the [Attorney General's Child Support] Division will miscalculate them is too remote, contingent, and speculative to give rise to a justiciable claim.").[2]

Because Gonzalez lacks standing for the relief he seeks, the trial court properly granted appellees' plea to the jurisdiction.[3]

## CONCLUSION

We affirm the trial court's order.

Rebeca C. Martinez, Chief Justice

---

[2] Although Gonzalez asserts that he only seeks prospective relief, his requested declarations concern his purported status as a victim in the criminal case against Rangel and a right to restitution in that case. To the extent that his requests are retrospective, we hold they are moot. A case becomes moot when a controversy ceases to exist. *Williams*, 369 S.W.3d at 184. That occurs when a court's action on the merits cannot affect the parties' rights or interests. *Rogers*, 627 S.W.3d at 797. Because the criminal case has concluded, there is no live controversy as to that case for which the trial court could render declarations as to the rights and status of the parties. *See id.*

[3] In his second issue, Gonzalez asserts that his lawsuit should not have been dismissed with prejudice. Because Gonzalez cannot remedy his lack of standing by repleading, dismissal with prejudice was proper. *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004); *Scarbrough v. Metro. Transit Auth. of Harris Cty.*, 326 S.W.3d 324, 339 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).