# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-21-00125-CV

**Daniel Caldwell, Appellant**

**v.**

**Texas Board of Law Examiners, Appellee**

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-005107, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment dated March 7, 2023 and substitute the following in its place. We overrule Daniel Caldwell's motion for rehearing.

Daniel Caldwell appeals the dismissal for want of jurisdiction of his suit for judicial review of the decision by the Texas Board of Law Examiners (Board) finding that he does not possess the present good moral character or fitness required for admission to the Bar for the practice of law in Texas. We will affirm the dismissal.

## BACKGROUND

The Board determines the eligibility of candidates for a license to practice law in Texas. Tex. Gov't Code §§ 82.001, .004. The Texas Supreme Court promulgates and the Board administers and interprets the Texas Rules Governing Admission to the Bar of Texas (RGAB).

*Board of Law Exam'rs of State of Tex. v. Stevens*, 868 S.W.2d 773, 776 (Tex. 1994); *see also* Tex. Gov't Code § 82.022. Among the criteria assessed are the applicant's moral character and fitness to practice law. Tex. Gov't Code § 82.004(c); *see also* RGAB R. 2(a)(3), 4.

When the Board makes a preliminary determination that an applicant lacks the requisite present good moral character and fitness, the applicant can request a hearing to challenge that determination. RGAB R. 8, 15. Then, "[w]ithin a reasonable period of time after the decision is made, the Board shall furnish to the Applicant or Declarant a written order setting forth the decision of the Board." *Id.* R. 15(i). An applicant who disagrees with the Board's decision may seek judicial review in Travis County.[1] *Id.* R. 15(k)(1). Although the APA does

---

[1] In his motion for rehearing, Caldwell argues, "Seeking judicial review is not a privilege of an applicant, nor an option, but rather a duty . . . " because RGAB 15 uses the word "shall" regarding the procedure for seeking judicial review, including when and where to file. RGAB 15(k) states, "The following provisions shall govern judicial review of the Board's decision" and states, "The affected Applicant or Declarant shall institute, in the district courts of Travis County, Texas proceedings for review . . . ." Though it does not have an express conditional introductory phrase, RGAB 15(k) states what procedures shall govern and what persons seeking judicial review shall do; it does not compel any applicant to seek judicial review of the Board's written decision, but, instead, prescribes the manner in which applicants seeking judicial review must do so. Caldwell similarly argues that Government Code section 82.038 requires an applicant to seek judicial review because it says that "an applicant must file a petition" in Travis County. Caldwell omits the conditional introductory clause: "*To obtain judicial review of the board's determination that the applicant suffers from chemical dependency*, an applicant must file a petition in the district court of Travis County before the 60th day after the date that the board delivers notice of its determination." Tex. Gov't Code § 82.038(b) (emphasis added). Like RGAB 15(k), the statute does not compel an applicant to seek judicial review, but instead prescribes the manner in which applicants seeking judicial review must do so. We note further that section 82.038(b) is not applicable to this case because the Board did not determine that Caldwell suffers from chemical dependency.
A similar flaw undermines Caldwell's argument that the Board's decision violates RGAB 16(b). When he quotes a portion of the rule that states, "The Board shall not have the authority to refuse to recommend the granting of a Probationary License to an Applicant who has passed the applicable bar examination[.]" he omits this limiting language that completes the sentence: "solely because the Applicant suffers from chemical dependency or has been convicted for a first offense for driving while intoxicated under Texas Penal Code § 49.04." *See* RGAB 16(b). The

not govern Board procedure, the APA sections addressing the scope of judicial review under the substantial evidence rule are instructive. *Stevens*, 868 S.W.2d at 777. Under the APA, "[a] person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review." Tex. Gov't Code § 2001.171.

Caldwell challenged the Board's notice of preliminary negative character and fitness determination at a June 20, 2019 hearing before a panel of the Board. On June 21, 2019, Allan Cook, the Board's general counsel, sent Caldwell an email with the subject line "BLE Decision." In that email, Cook wrote:

> No surprise, they voted to deny you. From what I was able to get out of the conversation afterward, they had very little confidence that you would be able to effectively represent the public or the profession. It was clear to them that you are very smart, but that your communication skills are extremely limited by your autism and that you[] showed irresponsible behavior in the conduct of your various lawsuits, and abused process to the point you were declared vexatious.
>
> I will send you a formal order once it's been edited and signed.

Cook listed several websites with resources related to autism. By order dated August 16, 2019, under the heading "BOARD OF LAW EXAMINERS" with the style "In the Matter of Daniel Caldwell" and the Board's docket number, the Board explained its decision in fourteen pages. The Board set out fifty-one findings of fact and seven conclusions of law addressing Caldwell's dismissal from college for violations of guidelines prohibiting inappropriate touching of others and damaging school property; his conduct in his family-law suit and his suit against the

Board did not refuse to recommend granting a probationary license to Caldwell because of either listed basis and thus did not violate RGAB 16(b).

Department of Homeland Security, among others, in which he proceeded pro se; and a court's designation of him as a vexatious litigant. In the conclusions of law, the Board concluded that (1) Caldwell's abuse of the legal process; (2) the manner in which he prosecuted lawsuits in federal court; (3) his lack of respect for the law as shown by his unauthorized in-person contact with a person after such contact was prohibited by court order; (4) his failure to maintain personal integrity as shown by his violation of the university's code of student conduct; and (5) his aggressive, unnecessary, and unjustified litigation of his divorce and custody proceedings all had a clear and rational connection with the likelihood that he will not properly discharge his responsibilities to a client, a court, or the legal profession if he is licensed to practice law. The Board further concluded:

> [T]o the extent Caldwell attributes his aberrant behavior to his autism, his associated conduct and behavior discussed in the Order adversely affect his fitness and ability to perform the obligations and responsibilities of a practicing lawyer in a competent, reliable, ethical, and professional manner, and that there is a clear and rational connection between such conduct or behavior and the likelihood that he will not properly discharge his responsibilities to a client, a court, or the legal profession.

The Board also concluded that Caldwell's conduct and behavior call into question his judgment and his ability to practice law in a competent, ethical, and professional manner.

On August 20, 2019, Caldwell filed his Verified Petition for Review of Administrative Agency Decision. Caldwell alleged that he "is known to be autistic, and the Board decision cites his disability as the primary grounds for denying even a probationary license." He complained of the Board's "notice in its *preliminary* negative character and fitness determination of seven grounds for denial that are fundamentally three separate cases." (Emphasis added.) He described these as his dispute with the college and the two lawsuits. In

4

this suit for judicial review of the denial of his admission to the Bar, he prayed that the trial court "remand for further proceedings to at least partially correct the gross miscarriages of justice that both bar Caldwell from ever seeing his son under any circumstances and now also prohibit him from joining the legal profession."

The Board filed special exceptions to Caldwell's petition in October 2019. The Board excepted to paragraphs in the petition in which Caldwell referenced statements made by Board staff in a preliminary determination letter. It complained that Caldwell's petition made no reference to the Board's Order and asserted that only persons aggrieved by a final decision are entitled to judicial review. Caldwell responded to the special exceptions that he could not have challenged the Board's Order when he filed his petition because the Order did not then exist; he described the Order as "hastily produced in response to [his] suit," ignoring that the Order is dated as signed August 16, 2019, and his petition was filed August 20, 2019.[2]

In its March 2020 plea to the jurisdiction, the Board argued that Caldwell had not alleged a valid waiver of sovereign immunity and that Caldwell had failed to plead that the Order prejudiced his substantial rights as set out in the APA. The Board argued that Caldwell had failed to challenge the final Order itself, instead challenging the email from the general counsel and the Board's preliminary decision letter; neither of these documents were a final order of the Board for which judicial review is allowed. *See* RGAB R. 15(k)(1); *see also* Tex. Gov't Code § 2001.171. The trial court set a hearing on the special exceptions and the plea in August 2020.

---

[2] It is conceivable that Caldwell was unaware that the Board had signed a formal Order before he filed his petition because he had not received notice of the Order. In any event, Caldwell was indisputably aware of the Order when responding to the special exceptions in the trial court.

On the morning of the hearing, Caldwell filed an amended petition and response to the plea to the jurisdiction. Caldwell again headlined his amended petition as being "On appeal from the June 21, 2019 BLE Decision." The amended petition remained focused on the general counsel's June 21, 2019 email and the notice of preliminary negative character and fitness determination. He did not mention the August 2019 Order expressly but perhaps referred to it in his ninth issue by stating, "The Board's contrived pleadings and order rendered after this suit was filed are so laden with misrepresentations of fact to the point of arbitrary and capricious discrimination against Caldwell." The remainder of his petition, however, continued to attack the preliminary finding, the email, and other events. This is clearest in the concluding Summary of the Argument, wherein he cited only the "June 21, 2019, BLE Decision" and the links in that email from the general counsel to websites about autism—none of which appear in the Order. He requested additional relief that the Court remand so that the Board would comply with the Americans with Disabilities Act.

The Board responded and made special exceptions to the amended petition, reiterating its complaint that Caldwell failed to refer to the Board's Order or specify which of the APA grounds for reversal the Order violated.

The trial court granted the plea to the jurisdiction in December 2020. In his motion for new trial, Caldwell for the first time raised the August 16 Order, naming it in the title of his motion and addressing specific aspects of the Order with which he disagreed.

In response to Caldwell's request, the trial court made findings of fact and conclusions of law. The court found that the Board is a state agency entitled to sovereign immunity unless that immunity is waived or abrogated by either state or federal law. The court found further that Caldwell failed to demonstrate a valid claim that waived the Board's sovereign

6

immunity; thus, the court concluded, the Board retained immunity from suit, and the court lacked subject-matter jurisdiction over this case.

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). We review a trial court's ruling on a plea to the jurisdiction de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). A plea to the jurisdiction challenges a trial court's authority to decide a case. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Analysis of whether this authority exists begins with the plaintiff's live pleadings. *Id*. at 226. The plaintiff must allege facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Id*. (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)).

Whether the plaintiff met this burden is a question of law that we review de novo. *Id*. Sovereign immunity deprives a trial court of subject-matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). We construe the pleadings liberally and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Id*. at 226-27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id*. at 227. When resolving issues

7

presented by the plea to the jurisdiction, we may consider evidence that the parties have submitted and must do so when necessary to resolve the jurisdictional issues. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

## DISCUSSION

Caldwell contends on appeal that the Board treats disability as worse than being an addict, that the Board refused to include a list of actions he could take to become qualified, that the Board's evidence did not show unfitness, that an unjust vexatious-litigant finding cannot be disqualifying, that his history of indigence cannot be disqualifying, that he filed no frivolous pleadings, that the facts do not show untrustworthy characteristics, that the Board denied all reasonable disability accommodations, that the court had jurisdiction to review the Board's decision, and that the Board misrepresented facts as a pretext for discrimination.

We will examine issues pertaining to the trial court's jurisdiction first because subject-matter jurisdiction is essential to the authority of a court to decide a case. *See Texas Ass'n of Bus.*, 852 S.W.2d at 443. Among the grounds for the Board's plea to the jurisdiction was that Caldwell failed to state a claim that invoked the waiver of sovereign immunity for judicial review of a final Board order. The Board also specially excepted to the petition on grounds that Caldwell did not seek judicial review of a final decision.

Caldwell's original Verified Petition for Judicial Review discussed only the preliminary decision and the general counsel's June 21 email as the Board's reviewable actions. In his amended petition and response to the plea to the jurisdiction, Caldwell reiterated his focus on the general counsel's email and the preliminary decision. Though Caldwell added an issue presented that stated, "The Board's contrived pleadings and order rendered after this suit was

8

filed are so laden with misrepresentations of fact to the point of arbitrary and capricious discrimination against Caldwell," he made clear repeatedly that he sought review of the preliminary decision and the June 2019 email. He titled his amended petition "On appeal from the June 21, 2019, Texas BLE decision." He asserted that "Caldwell had already received the written BLE Decision on June 21 and had 60 days thereafter to file suit." He filed his petition on August 20, 2019, the sixtieth day after the email. He expressly cited "preliminary decision Grounds 3, 4, 5, and 6" and quoted language from the "BLE Decision June 21, 2019," but did not similarly cite to the Order. In his response to the Board's first set of special exceptions, Caldwell wrote, "The Board seeks to require that Caldwell's petition reference a document that did not exist at the time of the petition because the Board had not produced it." He also pleaded, "Time-travel being both technologically and legally (under the laws of physical science and nature) impossible, Caldwell was obliged to rely on and make references to only those communications from the Board which actually existed when Caldwell tendered his suit to the Court—on the day of the deadline."

The Board filed special exceptions to the amended complaint, urging that

> Caldwell's suit must reference the Board's Order or final decision rather than a preliminary determination or an email from the Board's General Counsel for his suit to be actionable. The Amended Complaint makes no reference to the Board's Order and is thus deficient as a pleading and Caldwell must be ordered to replead.

The Board filed this second set of special exceptions on September 14, 2020. Caldwell did not replead before the trial court dismissed this cause in December 2020.

Judicial review of the "Board's decision" is permitted. *See* RGAB 15(k). The APA, which guides judicial review of the Board's decisions, *see Stevens*, 868 S.W.2d at 777,

authorizes judicial review of "a final decision." Tex. Gov't Code § 2001.171. This case is very much like one in which the Sierra Club sought judicial review of a letter from the Texas Commission on Environmental Quality. *Texas Comm'n on Env't Quality v. Sierra Club*, No. 03-12-00625-CV, 2014 WL 902513, at *2 (Tex. App.—Austin Mar. 7, 2014, no pet.) (mem. op.). In that case, the trial court denied the Commission's plea to the jurisdiction, concluding that the letter was a final decision subject to review under the APA. *Id.*. This Court reversed the denial and dismissed the cause, concluding that the letter was not final and appealable because it did not impose an obligation, deny a right, or fix a legal relationship as a consummation of the administrative process. *Id.* at *3. Instead, the letter was merely a status update. *Id.*

Similarly, the documents Caldwell challenged are not a final decision of the Board. The January 2019 preliminary decision was not final—it was expressly a *preliminary* decision that was challenged in a hearing. The June 21, 2019 email from the general counsel was not a decision of the Board even though it disclosed the vote of the Board panel and purported bases for that decision. Neither the preliminary decision nor the email imposed an obligation, denied a right, or fixed a legal relationship. The general counsel even stated in the email, "I will send you a formal order once it's been edited and signed," underscoring that the email was not the Board's written order setting forth its decision. *See* RGAB 15(i). By contrast, the later Order reciting the procedural facts, stating the basis of the Board's jurisdiction, listing the Board's findings of fact and conclusions of law, and containing the signature of the presiding chair of the Board on August 16, 2019, stated that the Board found that Caldwell does not possess the present good moral character or fitness required for admission to the practice of law in Texas; the Order is the Board's written decision sent to Caldwell that is subject to judicial review. Caldwell did not refer to that Order in his petition except to assert—even in his amended

10

petition—that he did not seek judicial review of that Order but appealed from the June 21, 2019 "BLE Decision," which was an email from the general counsel. Caldwell did not amend his pleading even after the Board pointed out that deficiency in a second set of special exceptions. We cannot read his pleadings more broadly to include a challenge to the Order that Caldwell steadfastly insisted he was not making.[3]

Because Caldwell did not challenge a final decision of the Board, he did not invoke a waiver of the Board's immunity or state a claim over which the trial court had jurisdiction. The trial court did not err by concluding that it lacked jurisdiction over Caldwell's petition. We resolve Caldwell's ninth issue presented in favor of the judgment and will not address the remainder of his issues presented on appeal. *See* Tex. R. App. P. 47.1.

## CONCLUSION

We affirm the trial court's judgment.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed: April 18, 2023

---

[3] Although Caldwell challenged the findings of fact and conclusions of law in the Order in his motion for new trial, plaintiffs "cannot rewrite their pleadings to allege new causes of action for the first time in a motion for new trial." *Loera v. Interstate Inv. Corp.*, 93 S.W.3d 224, 228 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).