**Reversed and Rendered and Memorandum Opinion filed August 1, 2024**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00316-CV

---

### CITY OF HOUSTON, Appellant

### V.

### MICHAEL MOORE, Appellee

---

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2022-50330**

---

## M E M O R A N D U M   O P I N I O N

Michael Moore sued the City of Houston for injuries he sustained after allegedly tripping over a steel groundcover/ground plate while working for Southwest Airlines at William P. Hobby Airport, which is owned by the City. The City filed a motion for summary judgment arguing, among other things, that it did not receive timely notice of Moore's claims, and therefore the City retained its governmental immunity from suit, depriving the trial court of subject-matter jurisdiction over the case. The trial court denied the motion. The City brings an

interlocutory appeal, arguing in three issues that (1) it did not receive timely notice of Moore's claims as required by section 101.101 of the Texas Tort Claims Act (TTCA) and a provision of the city charter, (2) Moore failed to demonstrate a fact issue concerning his premises liability claim, and (3) the trial court erred in admitting Moore's summary-judgment evidence. We reverse the trial court's order and render judgment dismissing the lawsuit for want of subject-matter jurisdiction.

## *Background*

Moore was working for Southwest Airlines at Hobby Airport. It is undisputed that Hobby Airport is owned by the City. In February 2022, Moore alleged that he was marshalling a flight into the gate when he tripped over a "flawed, steel groundcover/ground plate." As a result of tripping, Moore claimed that he sustained extensive and severe injuries, including injuries to his back, left hip, left leg, left knee, and left hand. After sending written notice of his claim to the City's secretary on July 6, 2022, Moore filed suit against the City on August 15, 2022.

The City filed an original answer generally denying liability and asserting a variety of affirmative defenses, including governmental immunity from suit based on Moore's failure to provide timely notice of his claim. The City also argued its governmental immunity in a motion for summary judgment, contending that Moore failed to comply with the pre-suit notice requirements set forth in the TTCA. *See* Tex. Civ. Prac. & Rem. Code § 101.101(a)–(c) (providing that "governmental unit is entitled to receive notice of a claim" under TTCA unless it has actual notice of death, injury, or property damage).

As proof that it did not have timely notice of Moore's injuries, the City relied on Moore's petition and his notice-of-claim letter dated July 6, 2022. In his petition, Moore stated that he sustained personal injuries as a result of the accident on February 2, 2022; whereas, his notice alleged that the accident occurred on February

2

19, 2022. The City emphasized that Moore did not send notice of his aforementioned injuries until July 6, which was too late based on a provision of the charter requiring written notice of personal injury claims against the City within ninety days after the injury is sustained. Moore filed a response to the motion but did not discuss whether the City had timely notice of his claim. Moore instead argued that the condition of the steel groundcover/ground plate presented a special defect under the TTCA, waiving the City's governmental immunity. To support his position that the steel groundcover/ground plate constituted a special defect, Moore attached an unauthenticated photograph.

The trial court signed an order denying summary judgment with respect to the City's lack-of-notice claim. This interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8); *see also Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) ("If the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought.").

### *Discussion*

As stated, the City raises three issues on appeal. In its first two issues, the City asserts that the trial court erred in denying summary judgment because Moore failed to raise a fact issue concerning (1) the timeliness of his notice of claim or (2) his premises liability claim under the TTCA. In its third issue, the City argues that the trial court erred in admitting Moore's summary-judgment evidence.

We will begin our analysis by considering the City's first issue challenging the denial of summary judgment on the timeliness of Moore's notice of claim and then turn to the City's second issue, arguing that Moore failed to demonstrate a fact issue concerning his premises-liability claim. Because we sustain the City's first two

3

issues, we need not reach the City's remaining issue. *See* Tex. R. App. P. 47.4.

## A. Standard of Review

Subject matter jurisdiction is essential to a court's power to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The plaintiff has the burden to affirmatively demonstrate a trial court's jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019) (citing *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012)). Sovereign or governmental immunity defeats a trial court's subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). A governmental unit may challenge the trial court's subject matter jurisdiction in various procedural vehicles, including a plea to the jurisdiction or motion for summary judgment. *Swanson*, 590 S.W.3d at 550. We review de novo the issue of whether a trial court lacked jurisdiction due to governmental immunity. *See Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *see also Worsdale v. City of Killeen*, 578 S.W.3d 57, 66 (Tex. 2019) ("Notice is a prerequisite to subject-matter jurisdiction and, thus, a question of law we review de novo."). We also review de novo the issue of whether a condition is a special defect. *Denton Cnty. v. Beynon*, 283 S.W.3d 329, 331–32 (Tex. 2009).

Texas Rule of Civil Procedure 166a governs summary judgments. *See* Tex. R. Civ. P. 166a. The two forms of summary judgment are distinct and invoke different standards of review. *Compare* Tex. R. Civ. P. 166a(c) *with* Tex. R. Civ. P. 166a(i). Ordinarily, we must make an initial determination regarding which type of motion for summary judgment was filed before we can reach the merits of the trial court's ruling. *See Phillips v. Am. Elastomer Prod., L.L.C.*, 316 S.W.3d 181, 185 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). When, as here, a motion does not clearly and unambiguously state that it is being filed under rule 166a(i), the

4

nonmovant has no notice that the movant is seeking a no-evidence summary judgment, and we construe such motion as a traditional motion under rule 166a(c). *See id.*; *see also J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d 189, 195 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (treating ambiguous summary judgment motion as traditional because the motion failed to specify whether it was brought under traditional or no-evidence grounds, thus providing non-movant with insufficient notice that movant sought no-evidence summary judgment). Thus, we construe the City's motion as seeking summary judgment on traditional grounds under rule 166a(c). *See* Tex. R. Civ. P. 166a(c).

A party is entitled to summary judgment on traditional grounds if the evidence establishes that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The nonmovant has no burden to respond to a traditional motion for summary judgment unless the movant conclusively establishes each element of its cause of action or defense as a matter of law. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).

If the governmental unit meets its initial summary judgment burden to establish that the trial court lacks jurisdiction, then the burden shifts to the nonmovant to raise a fact issue concerning jurisdiction. *Miranda*, 133 S.W.3d at 228. "By requiring the [governmental unit] to meet the summary judgment standard of proof in cases like this one, we protect the plaintiffs from having to 'put on their case simply to establish jurisdiction.'" *Id.* If a fact issue exists, the motion for summary judgment must be denied. *Id.* at 227–28. However, if the evidence is undisputed or fails to raise a fact issue, then we may decide the jurisdictional issue as a matter of

5

law. *Id.* at 228.

## B. Governing Law

Governmental units, such as the City, are generally entitled to governmental immunity from suit unless the Legislature has consented to suit. *See Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022); *see also* Tex. Civ. Prac. & Rem. Code § 101.001(3)(B) (defining "governmental unit" to include cities). The TTCA creates a limited waiver of immunity for claims of personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would be liable to the claimant. Tex. Civ. Prac. & Rem. Code §§ 101.021, 101.025 ("A person having a claim under this chapter may sue a governmental unit for damages allowed by this chapter."); *Miranda*, 133 S.W.3d at 225.

Section 101.101, the TTCA notice provision at issue in this case, requires timely notice—formal or actual—of claims against a governmental unit:

> (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
>
>> (1) the damage or injury claimed;
>>
>> (2) the time and place of the incident; and
>>
>> (3) the incident.
>
> (b) A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved.
>
> (c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

Tex. Civ. Prac. & Rem. Code § 101.101. Formal notice under subsections (a) and

(b) is the general rule, while actual notice under subsection (c) is an exception to the general rule. *See id.*; *Worsdale*, 578 S.W.3d at 76 ("Structurally and lexically, the Legislature manifested its intent that section 101.101(c) serve as an exception to section 101.101(a) and (b)'s formal-notice requirements."). Actual notice requires that the governmental unit have "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Worsdale*, 578 S.W.3d at 63 (quoting *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam)). Actual notice must provide the governmental unit with the same knowledge that it would have had if the plaintiff had provided formal notice. *Tex. Dep't of Crim. Just. v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004); *see also* Tex. Civ. Prac. & Rem. Code § 101.101(a) (requiring that notice reasonably describe damage or injury claimed, time and place of incident, and incident).

Notice under section 101.101 is a jurisdictional prerequisite to suing a governmental entity under the TTCA. Code Construction Act, Tex. Gov't Code § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."); *Worsdale*, 578 S.W.3d at 62.

### C. Analysis

In its first issue, the City maintains that the trial court lacks subject matter jurisdiction over this case because Moore's notice of claim was untimely. For the reasons set forth below, we agree that Moore was required to notify the City of his claim no later than ninety days after his accident. *See* Tex. Civ. Prac. & Rem. Code § 101.101(a), (b).

As stated, the TTCA generally requires formal notice within six months of a

7

claim. *Id.* § 101.101(a). However, a city may adopt by charter or ordinance other time requirements for notice of claims. *Id.* § 101.101(b); *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 775 (Tex. 2018). Here, the City's charter reduces the notice period to ninety days:

> Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or someone in his behalf, shall give the Mayor and City Council notice in writing of such injury or destruction, duly verified, within ninety days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damage sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the date the claim is presented, and the actual residence of such claimant for six months immediately preceding the occurrence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the Mayor and City Council within the time and manner specified herein shall exonerate, excuse and exempt the City from any liability whatsoever[.]

Houston, Tex., City Charter art. IX, § 11 (1913). Because Moore does not refute that the City's ninety-day claim deadline is applicable to this case, the City was entitled to receive notice of his claim within ninety days of the alleged accident.[1] As mentioned, there is a discrepancy on the date of the alleged accident. Assuming that Moore was injured on February 19, 2022—the date identified in his notice of claim—the deadline for the City to receive notice of his claim was May 20, 2022.

The undisputed evidence establishes that Moore's notice of claim is dated July 6, 2022, which is not within the ninety-day claim period. *See Miranda*, 133 S.W.3d at 228 (providing that when evidence is undisputed, whether evidence

---

[1] In his appellee's brief, Moore does not respond to the City's argument that his notice was untimely.

establishes jurisdiction is a question of law). The City alleges that it did not receive Moore's notice until July 28, 2022, but there is no evidence in the record corroborating the City's assertion. However, based on the summary judgment evidence, the earliest date the City could have received Moore's notice of claim was July 6, 2022—the date he mailed his notice to the City's secretary. Moore's notice was therefore untimely because the deadline for the City to receive notice was May 20, 2022. *See* Tex. Civ. Prac. & Rem. Code § 101.101(a), (b).

We therefore sustain the City's first issue and address the City's second issue, contending that the City did not have actual knowledge of the alleged defect.

On appeal, Moore suggests that he was not required to provide formal notice to the City because the steel groundcover/ground plate was a condition that constituted a special defect. *See* Tex. Civ. Prac. & Rem. Code § 101.022(b) (providing that the limitation of a duty owed by a governmental unit does not apply to the duty to warn of special defects). Moore's briefing focuses on whether the steel groundcover/ground plate was a special condition. A majority of his argument centers around several factors outlined by the supreme court in determining whether a condition is a special defect. *See City of Denton v. Paper*, 376 S.W.3d 762, 765 (Tex. 2012) (providing that helpful characteristics in determining whether a particular condition is a special defect include: (1) the size of the condition, (2) whether the condition unexpectedly and physically impairs an ordinary user's ability to travel on the road, (3) whether the condition presents some unusual quality apart from the ordinary course of events, and (4) whether the condition presents an unexpected and unusual danger). The City argues that Moore failed to plead and prove, among other things, that his injury was caused by a special defect, specifically asserting that section 101.022(c) does not apply to premises defects located outside a toll highway, road, or street. Although the City urges otherwise, we will assume

9

for sake of analysis that this argument was preserved for our review.

The supreme court has analyzed whether defects located outside of the roadway constitute a special defect. *See Fraley v. Tex. A & M Univ. Sys.*, 664 S.W.3d 91, 100 (Tex. 2023) (providing "off-roadway obstructions are different in kind than those *on* the roadway, as the statute expressly contemplates.") (emphasis in original); *Beynon*, 283 S.W.3d at 330–332 (addressing whether a hazard located off the road can constitute a special defect and concluding that the seventeen-foot floodgate arm located approximately three feet off a two-lane rural roadway, which was unsecured and improperly pointed toward oncoming traffic, was not the same kind or class as an excavation or obstruction, nor did it pose a threat to "ordinary users."); *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 239 n. 3 (Tex. 1992) (providing that some off-road conditions can be special defects and whether on a road or near one, conditions can be "special defects such as excavations or obstructions on highways, roads, or streets" only if they pose a threat to the ordinary users of a particular roadway").

In this case, Moore has not cited any authority that the steel groundcover/ground plate on the airport tarmac was located on a toll highway, road, or street as contemplated by section 101.022(c). *See* Tex. Civ. Prac. & Rem. Code § 101.022(c). A court cannot "classify as 'special' a defect that is not like an excavation or obstruction on a roadway." *Beynon*, 283 S.W.3d at 331–32 (quoting *Payne*, 838 S.W.2d at 239 n.3). We therefore find that the exception in section 101.022(c) is inapplicable to the facts of this case. Having concluded that section 101.022(c) does not apply, Moore does not offer any other explanation concerning the City's subjective awareness of his injuries nor does he contest the City's assertion that it did not know of Moore's alleged injuries.

We conclude that the trial court erred by denying the City's motion for summary judgment because Moore failed to raise a fact issue concerning the timeliness of his notice of claim or his premises-liability claim under the TTCA. *See* Tex. Civ. Prac. & Rem. Code § 101.101(a)–(c). Accordingly, we sustain the City's second issue and need not reach the City's third issue challenging the trial court's evidentiary ruling. *See* Tex. R. App. P. 47.4.

### *Conclusion*

We reverse the trial court's interlocutory order denying the City's motion for summary judgment, and we render judgment granting the motion and dismissing the lawsuit for want of subject-matter jurisdiction.

/s/ Frances Bourliot
   Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain. (Spain, J., concurring without opinion).

11