**Dismissed and Opinion filed February 21, 2025.**



In The

# Fifteenth Court of Appeals

## NO. 15-24-00124-CV

### ETC FIELD SERVICES, LLC FKA. REGENCY FIELD SERVICES, LLC, Appellant

### V.

### TEMA OIL AND GAS COMPANY, Appellee

**On Appeal from the Business Court Division 8A**
**Tarrant County, Texas**
**Trial Court Cause No. 24-BC08B-0001**

## OPINION

This is one of several appeals taken from orders by the new statewide business court remanding a civil action back to the local trial court where it was originally filed. Government Code Chapter 25A provides for removal of cases if they are "within the jurisdiction of the business court," but also provides that if improperly removed "the business court shall remand the action to the court in which the action was originally filed." TEX. GOV'T CODE § 25A.006(d). The rules of procedure adopted to implement Chapter 25 say the same. *See* TEX. R. CIV. P.

355(f)(1).

Chapter 25A generally grants this Court exclusive jurisdiction over appeals and original proceedings arising from a judgment, order, or action of the business court, and directs us to use rules and procedures that are "the same as the procedure for an appeal or original proceeding from a district court." TEX. GOV'T CODE § 25A.007(a), (c). The question presented is whether a direct appeal to this Court is allowed from a remand order, contrary to the general rule that "[u]nless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments."[1]

No statute authorizes an interlocutory appeal of a remand order from the business court. Notably, a business court bill filed but never enacted in 2021 *did* authorize an interlocutory appeal from such orders. *See* Tex. H.B. 1875, 87th Leg., R.S., § 1, sec. 24A.052(b) (2021). But Chapter 25A adopted in 2023 did not follow suit. This omission does not imply a prohibition,[2] but we must at least begin by noting that the Legislature clearly knew how to draft such a provision but chose not to do so here.[3]

Nor is the remand order a final judgment. An order on the merits without a conventional trial is not final and appealable unless it (1) disposes of all remaining parties and claims, or (2) contains unequivocal finality language that expressly disposes of all claims and parties.[4] The remand order here does not dispose of *any*

---

[1]    *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

[2]    THE FEDERALIST, No. 83, at 405 (Alexander Hamilton) (Gideon ed., 2001).

[3]    *See PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 84 (Tex. 2004) ("Legislative silence may be due to mistake, oversight, lack of consensus, implied delegation to courts or agencies, or an intent to avoid unnecessary repetition. But we must at least begin our analysis by noting that the Legislature clearly knew how to indicate that warranty claims were assignable, but did not do so in the DTPA.").

[4]    *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am.,*

parties, or any issues other than the business court's jurisdiction. It simply remands the same seven-year-old case to the trial court from which it had been removed 56 days earlier for further proceedings. The order contains no unequivocal finality language; indeed, it could not since a business court that lacks jurisdiction of a removed case can only "remand the action to the court in which the action was originally filed." TEX. GOV'T CODE § 25A.006(d).

Appellant ETC argues that the business court's remand order was appealable because it was in the nature of a plea to the jurisdiction, "a final resolution" that the business court lacked jurisdiction as to all parties and claims. But an interlocutory appeal of a plea to the jurisdiction is available only if the plea was filed by a "governmental unit." *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). An order *granting* a plea to the jurisdiction and dismissing the case could be a reviewable final judgment;[5] but an order denying such a plea by a nongovernmental party is reviewable only by mandamus.[6] Because ETC separately filed a petition for writ of mandamus in this Court challenging the remand order, we have no need to consider whether to treat this interlocutory appeal as such.[7]

For the foregoing reasons, we dismiss ETC's direct appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

---

*L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024).

[5]     *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

[6]     *See, e.g.*, *In re Lubbock*, 624 S.W.3d 506, 512 (Tex. 2021) (plea based on ecclesiastical abstention); *In re Crawford & Co.*, 458 S.W.3d 920, 929 (Tex. 2015) (plea based on failure to exhaust administrative remedies).

[7]     *See CMH Homes*, 340 S.W.3d at 453–54.

_____
Scott A. Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.